THE STATE OF OHIO, EX REL. THE ATTORNEY-GENERAL, *v.*
CHARLES L. WILSON.

The place of medical superintendent of a hospital for the insane, under the·
act of March 27, 1876 (Ohio L. 80), is an "office" within the meaning
of section 4, article 15, of the constitution, which ordains that, "No·
person shall be elected or appointed to any office in this state unless·
he possesses the qualifications of an elector."

PROCEEDINGS in *quo warranto.*

*John Little,* attorney-general, for the state.
*E. A. Guthrie,* for defendant.

GILMORE, J. This proceeding was commenced by the·
attorney-general in pursuance of a joint resolution of the·
general assembly.

The information charges that the defendant has usurped
and intruded into, and does now usurp, the office of medi-
cal superintendent of the hospital for the insane at Athens;
" he, the said Charles L. Wilson, not being an elector of
the State of Ohio, but a resident and elector of the State·
of Indiana."

The plea, though otherwise sufficient, fails to traverse·
this allegation, and on this ground is demurred to.

The only question presented is, whether the place of
medical superintendent is an office and he who holds it an
officer.

Section 4, article 15, of the constitution ordains that,.
" No person shall be elected or appointed to any office·
in this state unless he possesses the qualifications of an
elector."

It is impossible to give a definition of an office that will
be applicable to all offices; but by taking definitions that
have been given by text writers and others we have the·
means of determining the question as it relates to the·
defendant.

Some of these definitions are as follows:

" A right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging." 2 Bla.36.

Again: " Offices consist of a right, and correspondent duty, to execute a public or private trust, and to take the emoluments belonging to it." 3 Kent, 454.

The correctness of these definitions, so far as it is to be implied from them that *emoluments* are essential to the constituting of offices, has been questioned; but this objection does not arise in this case, for there is a salary fixed to the employment of the defendant which he has a right to take by virtue of his employment.

*The King* v. *Dr. Burnell*, Carthew, 478, was an information against the defendant for not taking the oath of office pursuant to the statute.

The defendant had been chosen one of the censors of the College of Physicians of London; and the question was whether a censor of this college was an officer within the meaning of the statute of 25 Car. 2, etc. It was said, with such clearness and pertinency that it seems to have met with the entire approbation of the profession, that he was an officer. " The word *officium* principally implies a duty, and in the next place the charge of such duty, and 't is a rule that where one man hath to do with another man's affairs against his will, and without his leave, that is an office, and he who is in it is an officer."

" Every man is a public officer who hath any duty concerning the public, and he is not the less a public officer where his authority is confined to narrow limits, because 't is the duty of his office, and the nature of that duty, which makes him a public officer, and not the extent of his authority." Ib. 479.

In *The United States* v. *Maurice*, 2 Brock. 103, Chief Justice Marshall, in speaking of an agent of fortifications, said: " But if a duty be a continuing one, which is defined by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties appertaining to his station

without any contract defining them, if those duties continue, though the person be changed, it seems very difficult to distinguish such a charge or employment from an office, or the person who discharges them from an officer."

Again: "An office is a right to exercise a public function or employment, and to take the fees and emoluments belonging to it. An officer is one who is lawfully invested with an office." 7 Bac. Abr. 2,79.

Again, in *Shelby* v. *Alcorn*, 36 Miss. 289, it is said: "And we apprehend that it may be stated as universally true, that where an employment or duty is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer."

From these definitions of an office, and descriptions of an officer, we think the place or position of medical superintendent of a hospital for the insane is an office, and a person lawfully invested with it an officer.

Let us look at some of the indicia of his being an officer. He is appointed for a definite term. He must take the oath prescribed by the constitution. He must reside in the institution that he superintends. His duties are prescribed by law and not by contract. He is clothed with the right and correspondent duty to execute a public trust. He has a right to the salary attached to the office. The office is continuing. If it becomes vacant, it may be filled by a successor, upon whom the duties will be cast. The law creating the office denominates the medical superintendent an officer, and calls the place an office. But it is also a statutory state office. The constitution ordains: "Institutions for the benefit of the insane, blind, and deaf and dumb, shall always be fostered and supported by the state, and be subject to such regulations as may be prescribed by the general assembly." Art. 7, sec. 1.

The only officers named in the constitution in connection with these institutions are the trustees. Art. 7, sec. 2.

It can not for a moment be supposed that the framers of the constitution intended that the board of trustees of

these institutions respectively should take personal charge of them, and superintend their operations. Such was not the system prescribed for the government of these institutions by the laws in force at the time the constitution was adopted. Indeed, with the exception of changing the mode of appointing the trustees, the system prescribed by the laws now in force is substantially the same as those then in force. Both before and since the adoption of the present constitution, the functions of the medical superintendent of these institutions, as now organized, have been substantially performed by an officer denominated the superintendent. The framers of the constitution anticipated and provided for the appointment or election of state officers, other than those named or provided for by it.

"The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this constitution or the constitution of the United States, shall be made in such manner as may be directed by law."

These being state institutions, and the constitution not having made provisions for the necessary officers for their government, the general assembly, in the exercise of its legislative powers, has by law created the office and provided for the appointment of the officer in question. That he is regarded as a state officer is apparent from the following considerations: He shall provide an official seal of the proper institution, that is to be used exclusively for the authentication of his own signature when acting officially. 73 Ohio L. 86, sec. 20; S. & C. 845, sec. 27. The attorney-general, when required, shall give legal advice to him the same as to the governor and other state officers. 70 Ohio L. 19. He is entitled to copies of the laws, as other state officers are. 72 Ohio L. 185, sec. 16. His annual report as medical superintendent of the hospital for the insane at Athens is to be printed and distributed at the expense of the state. 73 Ohio L. 56. He is to join with the trustees in making an annual report to the governor of the condition of the hospital. 73 Ohio L. 84. These, it seems to us, show conclusively that the defendant is filling a statutory state office,

and not being an elector, he is constitutionally ineligible. The demurrer to the plea is sustained, and judgment of ouster entered against him.

*Judgment accordingly.*