A. J. COTTINGHAM & BROTHER v. S. A. and J. H. McKAY.

*Agricultural Advances—Power of Court in Proceedings under*
*the Statute.*

1. The clerk of the superior court has power to revoke and supersede a
warrant issued under the act to secure agricultural advances, where it
is improvidently issued.

2. Where, in a proceeding under Bat. Rev. ch. 65, §§ 19, 20, the money
arising from the sale of the crop has been paid into court and the pro-
ceeding dismissed, the court has the power to order a return of the
money to the defendant, although the plaintiff has instituted another
action and files an affidavit that defendant is insolvent.

(*Gay* v. *Nash*, 84 N. C., 333; *Perry* v. *Tupper*, 70 N. C., 538, and 71 N.
C., 387, cited and approved.)

PROCEEDING to enforce an agricultural lien, commenced
before the clerk and heard on appeal at December Special
Term, 1880, of ROBESON Superior Court, before *Avery J.*

The plaintiffs on affidavit sued out of the clerk's office a warrant directed to the sheriff and commanding him to seize and after due notice sell certain crops raised by the defendants, subject to a lien for money and supplies alleged to have been advanced to the defendants, in the cultivation of the land upon which they were raised. The sheriff having taken possession of the crops, the defendants applied to the clerk to recall the warrant and arrest its execution for defects apparent in the affidavit upon which it issued. The motion being refused, the defendants appealed to the superior court, where upon the hearing at fall term, 1879, the proceeding was dismissed, and the property ordered to be restored to the defendants. The crops were however sold under the mandate on December 5th, 1879, and (with the exception of a few pounds of lint cotton sold to one James McBryde for $5.61) bought by the plaintiffs, the aggregate of the proceeds of sale being $186.20, whereof $127.64 were left in the hands of the plaintiffs in satisfaction of their claim, and the costs incurred in the prosecution.

To the order of restoration the sheriff made return in substance, that before he had notice, he had disposed of the property for the benefit of the plaintiffs who refused to surrender the goods, or refund the money paid them.

The defendants then moved that the damages sustained by them be inquired of and assessed, the hearing of which was continued at the instance of the plaintiffs on condition that they within five days deposit the sum of $127.64 received by them, with the clerk, to be held to await the assessment of said damages, and to be applied, as far as necessary, to the satisfaction of any judgment the defendants might recover.

At a special term held in December, 1880, the plaintiffs filed an affidavit, reciting the proceedings which had taken place, the institution of another action to enforce their agricultural lien, the insolvency of the defendants, and the

probable, if not certain loss of their debt, if the defendants are allowed to withdraw the fund from the office; and they ask the court for an order, directing the clerk to retain the moneys until their action can be prosecuted to a successful issue and the fund reached.

The court declined to grant the motion, and the damages having been assessed at $127.83, adjudged that the clerk pay over the amount in his hands to the defendants or their counsel, and the plaintiffs be taxed with the costs. From this judgment the plaintiffs appeal.

*Mr. John D. Shaw,* for plaintiffs.
*Messrs. McNeill & McNeill,* for defendants.

SMITH, C. J., after stating the case. There can be no question of the reserved power in the clerk to revoke and supersede a warrant which he may have improvidently issued under the act of 1867, as amended by the act of 1873, Bat. Rev., ch. 65, §§ 19, 20. The remedy given is however summary and prompt, and as a special proceeding has for its object the appropriation of the encumbered crops to the satisfaction of the debt created in making them. When this appropriation has been made, the proceeding is exhausted and comes to an end.

If the debt is disputed, and notice thereof given to the officer accompanied with the defendant's affidavit denying the indebtedness claimed, he is required to hold the proceeds of sale until the issue of the controverted indebtedness can be tried in the superior court. If the warrant is revoked, the goods or the proceeds of sale must be returned, as must be the excess when they are more than sufficient to meet the plaintiff's demand and costs, as stated by himself, or as reduced by the verdict of the jury. The statute in direct terms makes no other provision for the intervention

of the debtor to stop the progress of the proceeding. *Gay v. Nash*, 84 N. C., 333.

We do not wish therefore to be understood as passing upon the regularity of the action in the superior court, if it was properly removed by appeal from the decision of the clerk, since it is not necessary to do so in determining the appeal to this court. The judge was under no legal obligation to the plaintiffs to order the continued retention of the fund to await the result of the newly instituted action, and the restoration of it to the defendants was a necessary and obvious consequence of the refusal of the plaintiffs' application. Their property had been taken from their possession by process wrongfully issued, and its return must follow the setting aside that process, when it is ascertained and declared to have been issued without authority of law. *Perry v. Tupper*, 70 N. C., 538; same case, 71 N. C., 385 and 387.

There is no error and the judgment must be affirmed.

No error.                                        Affirmed.