OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1897,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

---

STATE OF IOWA, Appellant, v. SUEL J. SPAULDING.

**Embezzlement:** PUBLIC OFFICER. The treasurer of the commissioners of pharmacy elected by the commissioners, authorized by Code, Nineteenth General Assembly, chapter 137, to receive certain license fees, is not a public officer within Code, 1873, section 3908, making the conversion by a public officer of funds received by virtue of his office an embezzlement, as the power conferred upon the commissioners to make by-laws and all necessary regulations for the proper fulfillment of their duties, without expense to the state, did not authorize them to appoint a treasurer.

STATUTORY RECOGNITION. Laws, Nineteenth General Assembly, chapter 137, providing that certain license fees to be collected by the pharmacy commission shall be paid to "the treasurer of the commission of pharmacy," is not a recognition of the treasurer as a public officer.

SAME. To constitute a public officer within Code, 1873, section 3908, providing that any public officer within the state who converts to

(639)

his own use any money that may come into his hands by virtue of his office shall be guilty of embezzlement, the office itself must be created by the constitution or authorized by statute. If authorized by statute its creation may be by direct legislative act, or it may be created by an official board or commission created by the legislature with power to create such an office   His appointment must not only have been made or authorized by the constitution of the state or legislative act, directly or indirectly, but his duties must either be prescribed by the constitution or statutes of the state, or necessarily inhere in and pertain to the administration of the office itself. The duties of the position must embrace the exercise of public powers or trusts; that is, there must be a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public.

SAME. An oath of office, salary or fees, and a fixed term of duration or continuance are, generally, though not necessarily, attached to a public office.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

## TUESDAY, OCTOBER 5, 1897.

THE defendant was indicted and tried for the crime of embezzlement of public money. At the close of the evidence for the state the defendant moved the court to instruct the jury to return a verdict of not guilty. The motion was sustained, and a verdict returned accordingly and the defendant discharged. The state appeals. —*Affirmed.*

*Milton Remley,* attorney general, *James A. Howe,* county attorney, and *Jesse A. Miller* for the state, appellant.

No appearance for appellee.

KINNE, C. J.—I. Section 3908 of the Code of 1873 provides: "If any state, county, township, school or municipal officer, or officer of any state institution, or other public officer within the state, charged with the collection, safe keeping, transfer or disbursement

of public money, fails or refuses to keep in any place of deposit that may be provided by law for keeping such money, * * * or unlawfully converts to his own use in any way whatever, or use by way of investment in any kind of property * * * or converts to his own use any money that may come into his hands by virtue of his office shall be guilty of embezzlement," etc. The indictment is drawn under this section of the statute, and charges that the defendant, as a public officer, viz., as treasurer of the commissioners of pharmacy for the state of Iowa, did embezzle and convert to his own use public money belonging to the state. The only question on this appeal is, was the defendant a "public officer," within the meaning of these words as used in the statute? If so, then the district court erred in sustaining the motion. If he was not such "public officer," the ruling was correct. The commissioners of pharmacy were appointed under and by virtue of the provisions of chapter 75, section 3, of the laws of the Eighteenth General Assembly. That act provided, also, "Said commissioners shall have power to make by-laws, and all necessary regulations for the proper fulfillment of their duties under this act, without expense to the state." They were also authorized to exact and receive certain fees for registering pharmacists. The act was amended by chapter 83 of the Acts of the Twenty-first General Assembly. The commissioners adopted by-laws which, among other things, provided for the election of a secretary and treasurer. Thereafter the Nineteenth General Assembly (chapter 137) amended the original act, and provided that certain license fees should be paid "to the treasurer of the commission of pharmacy." The foregoing is all of the legislation in any way bearing upon the question of the selection of a treasurer for the pharmacy commission. It is without

dispute that the defendant was by the commission elected as its treasurer, and while so acting received a large sum of money belonging to the state, and converted it to his own use. The claim of the state is that he was a "public officer," and as such embezzled the money. The constitution of this state (article 11, section 5) requires that every person elected or appointed to any office shall, before entering upon the duties thereof, take an oath or affirmation to support the constitutions of the United States and of the state, and also an oath of office. The statute prohibits any civil officer from entering on the duties of his office until he has qualified himself by taking such oath and giving a bond. Code 1873, sections 670, 675, 676, 679. It does not appear from the record before us that the defendant ever took such an oath, or in fact any oath whatever. When the commission was created, and at its first meeting, it adopted by-laws providing for the election of a treasurer, but made no provision for his giving bond. Six years thereafter a bond was provided for, and at the time of the conversion of the money for which the defendant is now indicted the by-laws required the treasurer to give a bond to the state in the penalty of five thousand dollars.

II. It may be profitable, in determining the question before us, to refer to some definitions given by courts and text writers as to what in law constitutes a public officer or a public office. "The idea of an officer clearly embraces the idea of tenure, duration, fees, or emoluments, rights and powers, as well as that of duty; a public station or employment confirmed by appointment of government." Burrill, Law Dict. tit. "Office." "A post, the possession of which imposes certain duties upon the possessor, and confers authority for their performance." Century Dict. "A position or appointment entailing certain rights and duties." Cochran, Law Lexicon. "A right to exercise

a public function or employment, and to take the fees
or emoluments belonging to it." Bouvier's Law Dict.
"A special duty, trust, charge, or position conferred
by authority, and for a public purpose; a position of
trust or authority, as an executive or judicial office,
or a municipal office." Webster Dict. tit. "Office."
"'Office' is defined to be a right to exercise a public or
private employment, and to take the fees or emolu-
ments thereunto belonging, whether public, as those
of magistrates, or private, as of bailiffs, receivers, or
the like." Black, Law Dict. tit. "Office"; 2 Black-
stone, Comm. 36; *Attorney General v. Barstow*, 4 Wis.
567. "A public officer is said to be an officer under
the government, as distinguished from an officer of a
corporation, or from a private person holding what is
sometimes called an office, such as an executor or
guardian." Abbott, Law Dict. tit. "Public Officer."
"Offices consist of a right, and correspondent duty, to
execute a public or private trust, and to take the
emoluments belonging to it." 3 Kent, Comm. 454.
"An office, such as to properly come within legitimate
scope of an information in the nature of a *quo war-
ranto*, may be defined as a public position, to which a
portion of the sovereignty of a country, either legis-
lative, executive, or judicial, attaches for the time
being, and which is exercised for the benefit of the
public." High, Extr. Rem., section 625. "A public
office is the right, authority, and duty, created and
conferred by law, by which, for a given period, either
fixed by law, or enduring at the pleasure of the creat-
ing power, an individual is invested with some portion
of the sovereign functions of the government, to be
exercised by him for the benefit of the public. The
individual so invested is a public officer." Mechem,
Pub. Off., section 1. "A public office is an agency for
the state, and the person whose duty it is to perform
the agency is a public officer." 19 Am. & Eng.

Enc. Law, 382. "An office is a public station or employment conferred by the appointment of government. The term embraces his term of tenure, duration, emoluments, and duties." *U. S. v. Hartwell,* 6 Wall. 393; Throop, Pub. Off., sections 2–10, inclusive; *Brown v. Russell* (Mass.) 43 N. E. Rep. 1005, and cases cited. "An employment on behalf of the government in any station or public trust, not merely transient, occasional, or incidental." *In re Oaths Taken by Attorneys and Counselors,* 20 Johns. 493. "An office is a public charge or employment, and the term seems to comprehend any charge or employment in which the public are interested." Every office is considered public, the duties of which concern the public. *People v. Hayes,* 7 How. Prac. 248; *People v. Bedell,* 2 Hill, 196. "An office is a public charge or employment. A public officer is one who has some duty to perform concerning the public." *Hill v. Boyland,* 40 Miss. 625. "The true test of a public office seems to be that it is a parcel of the administration of government, * * * or is itself created directly by the law-making power." *Eliason v. Coleman,* 86 N. C. 241. "An office is a special trust or charge created by competent authority." Judge Cooley in *People v. Langdon,* 40 Mich. 673. "All persons who by the authority of law are intrusted with the receipt of public moneys, through whose hands money due to the public, or belonging to it, passes on its way to the public treasury, must be so considered [as public officers], by whatever name or title they may be designated in the law authorizing their appointment, and whether the service be special or general, transient or permanent." *Commonwealth v. Evans,* 74 Pa. St. 124. "The term 'officer' in its common acceptation, is sufficiently comprehensive to include all persons in any public station or employment conferred by the government." *Vaughn v. English,* 8 Cal. 41. "A civil office is a grant and

possession of the sovereign power, and the exercise of
such power within the limits prescribed by the law
which creates the office constitutes the discharge of
the duties of the office." *State v. Valle*, 41 Mo. 29.
" 'Public office,' as used in the constitution, has respect
to a permanent trust to be exercised in behalf of the
government, or of all citizens who may need the inter-
vention of a public functionary or officer, and in all
matters within the range of the duties pertaining to
the character of the trust." *In re Hathaway*, 71 N. Y.
238. "Whoever has a public charge or employment
affecting the public is said to hold or to be in office."
*Rowland v. Mayor*, etc., 83 N. Y. 376. "The word
'officium' principally implies a duty, and, in the next
place, the charge of such duty; and it is a rule that
where one man hath to do with another man's affairs
against his will, and without his leave, that is an
officer. Every man is a public officer who hath any
duty concerning the public and he is not the less a
public officer when his authority is confined to narrow
limits because it is the duty and nature of that duty
which make him a public officer, and not the extent of
his authority." Carth. History of a Law Suit, 478; *Bunn
v. People*, 45 Ill. 397; *State v. Wilson*, 29 Ohio St. 348.
"Where an individual has been appointed or elected in a
manner prescribed by law, has a designation or title
given him by law, and exercises functions concerning
the public, assigned to him by law, he must be regarded a
public officer." *Bradford v. Justices, etc.*, 33 Ga. 336. The
legal meaning of the word "office" always implies a
charge or trust conferred by public authority, and for
a public purpose. *In re Dorsey*, 7 Port. 371. "An office
is simply an appointment or authority on behalf of
the government to perform certain duties, usually at
and for a certain compensation." *Smith v. City of N. Y.*
3 N. Y. 520. "Offices consist in the right, and corre-
sponding duty, to execute a public or private trust,

and to take the emoluments belonging to it." *State v. Wilson*, 29 Ohio St. 348. "When an employment or duty is a continuing one, which is defined by rules prescribed by law, and not by contract, such an employment is an office, and the person who performs it is an officer." *Shelby v. Alcorn*, 36 Miss. 273. "Where, by virtue of law, a person is clothed, not as an incidental or transient authority, but for such time as denotes duration and continuance, with independent power to control the property of the public, or with public functions to be exercised in the supposed interest of the people, the service to be compensated by a stated yearly salary, and the occupant having a designation or title, the position so created is a public office." *State v. Brennan* (Ohio) 29 N. E. Rep. 593; *State v. Hocker* (Fla.) 22 South. Rep. 721. "An office in a municipal corporation is a public function established by law." *Kennedy v. Independent School District*, 48 Iowa, 191. "It is difficult to determine in all cases who is to be deemed a public officer. If the office is one involving the taking of an oath and the filing of a bond by the occupant, whether he be elective or not, such occupant is a public officer." 1 McClain, Cr. Law, section 646. We have found, upon a full investigation of all the authorities cited, and many others, that courts have not been entirely consistent or harmonious in their holdings as to the facts which must exist, and be made to appear, in any given case, in order to show that one is a public officer, and that the place filled is a public office. Doubtless the variance in the rules laid down is largely due to the statutes in force in the several jurisdictions wherein the cases were decided; to the powers conferred by such statutes, and the duties enjoined thereby. So, much force has been given to the fact that the power of appointment has come from the state, or that the authority to appoint is expressly given by law. *State v. Bus* (Mo. Sup.)

36 S. W. Rep. 636; *State v. Brennan* (49 Ohio St. 33) 29 N. E. Rep. 593, *Eliason v. Coleman*, 86 N. C. 241; *Commonwealth v. Evans*, 74 Pa. St. 124; *Shelby v. Alcorn*, 36 Miss. 273. Another fact which is thought to be of importance in determining whether one is a public officer is as to whether the duties of his position are devolved upon him by a superior, or by the statute itself. *State v. Brennan* (Ohio) 29 N. E. Rep. 593; *Bradford v. Justices, etc.*, 33 Ga. 336; *Brown v. Russell* (Mass.) 43 N. E. Rep. 1005; *People v. Nostrand*, 46 N. Y. 381; *U. S. v. Hartwell*, 6 Wall. 385.

From all the authorities, we think the following rules may properly be laid down for determining whether one is a public officer within the contemplation of our statute, relating to embezzlement of such officers (Code, 1873), section 3908. (1) The office itself must be created by the constitution of the state, or authorized by statute. (2) If authorized by statute, its creation may be by direct legislative act; or the law making power, when not inhibited by the constitution or public policy from so doing, may confer the power of creating an office upon official boards or commissions which are themselves created by the legislature, when such office is necessary to the due and proper exercise of the powers conferred upon them, and the rightful discharge of duties enjoined. (3) A position so created by the constitution, or by direct act of the legislature, or by a board of commissions duly authorized so to do, in a proper case, by the legislature, is a public office. (4) To constitute one a public officer, at least within the purview of the criminal law, so that he may be liable for the misappropriation of the public funds, his appointment must not only have been made or authorized as above stated, but his duties must either be prescribed by the constitution or the statutes of the state, or necessarily inhere in and pertain to

the administration of the office itself. (5) In any event, the duties of the position must embrace the exercise of public powers or trusts; that is, there must be a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public. (6) The following, among other requirements, are usually, though not necessarily attached to a public office: (a) An oath of office; (b) salary or fees; (c) a fixed term of duration or continuance.

Other rules might be stated, but these will suffice for the purposes of the case before us. In the light of the above rules, which are, as we believe, sustained by the great weight of authority, can the defendant be said to be a public officer? It is to be observed that no such office as treasurer of the commission was created by either the constitution or by act of the legislature. Nowhere in the original act creating the commission of pharmacy, or in the amendments thereto, is any such office created; nor is there any authority conferred upon said commission to create or establish such an office, or any office whatsoever.

In the act creating the commission it is provided: "Said commissioners shall have power to make by-laws and all necessary regulations for the proper fulfillment of their duties under this act, without expense to the state." Now, the power thus conferred did not involve the right to create a public office or to appoint persons to places, who should be deemed public officers. Conceding that the legislature had the power to create the office of treasurer of this commission, it has at no time undertaken so to do. In the absence of legislative authority, the board could not create a public office. Nor does it appear that there was any intent on the part of the legislature to confer any such power on the commission. Furthermore, so far as the acts relating to the

commission are concerned, with an exception to be hereafter noticed, it might well be held that the legislature intended that the commissioners themselves should perform the duties of collecting the funds arising from the performance of the duties enjoined upon them, and of disbursing the same. The Nineteenth General Assembly (chapter 137) provided, among other things, that certain license fees to be collected by the commission should be paid to "the treasurer of the commission of pharmacy."

It is said that, even though there was no authority originally in the commission to create the office of treasurer, still the above provision was a recognition of the fact that there was such an office. We cannot so consider it. Here we have a position created without authority of the legislature, which alone could authorize its creation. The lawmaking power never prescribed any duties, nor authorized any one else to prescribe them, for such an officer. No part of the sovereign functions of government was ever delegated by the legislature to the individual who might fill such place, and none of the usual requisites of an office were provided for by the legislature. But the controlling facts are that this treasurer was a creation of the commission, without authority of law, and presumably for their own convenience, and at all times subject absolutely to their control. They not only created the office, but they fixed its tenure, and the compensation to be paid the occupant. They might allow him to act, as they did, without taking an oath of office; and, being a creation of their own, they could require him to give bonds, or not, as they pleased. Having created the place and appointed the incumbent, they could at any time dispense with his services, and abolish the so-called office. Such a one is not a public officer. Judge Cooley in *People v. Langdon*, 40

Mich. 673, in speaking of what will constitute a public officer says: "The officer is distinguished from the employe in the greater importance, dignity, and independence of his position; in being required to take an official oath, and perhaps to give an official bond; in the liability to be called to account, as a public offender, for misfeasance of nonfeasance in office; and usually, though not necessarily, in the tenure of his position." In the case at bar, the duties performed by the defendant do not indicate an office, rather than an employment. He was, as we have shown, entirely dependent for his place upon the will or caprice of the commission. The duties imposed upon him were not the result of the law, but the will of his superiors, the commission. He was the creation of it, to do its will, having no independent functions. Duration or continuance is embraced in the term "office," and a position temporary in its character, and which may end at the will of a superior, is not ordinarily to be considered an office. Mechem, Pub. Off. section 8. The same writer, in speaking of deputies appointed by public officers, says that whether they are to be considered as public officers depends upon the circumstances and method of their appointment. When such appointment is provided for or required by law, which fixes their powers and duties, and they are required to take an oath and to give bonds, they are usually considered public officers; but where a deputy is appointed, merely at the will and pleasure of his principal, to serve some purpose of the latter, he is not a public officer, but a mere servant or agent. Mechem, section 38. So a "position the duties of which are undefined, and which can be changed at the will of the superior, * * * is not an office, but a mere employment, and the incumbent is not an officer, but a mere employe." 19 Am. & Eng. Enc. Law, pp. 387, 388, and cases cited,

The defendant, then, not being a public officer of the state, could not be convicted of the crime of embezzlement, under the indictment in this case, and the lower court properly directed a verdict for him.— AFFIRMED.