## CLERK OF SCHOOL COUNCIL A PUBLIC OFFICER.

[Circuit Court of Cuyahoga County.]

THE STATE OF OHIO, ON THE RELATION OF GEORGE E. MYERS,
v. JOHN COON, JR.

Decided, June 1904.

*Office and Officers—Clerk of School Council—Under the New School Code—Quo Warranto.*

The clerk of the school council is a public officer within the purview of the new school code and of Section 8, R. S. O., and as such continues in office until his successor is elected or appointed and qualified.

WINCH, J.; HALE, J., and MARVIN, J., concur.

This is an action in *quo warranto* brought to determine whether relator or defendant is entitled to act as Clerk of the Board of Education in the city of Cleveland.

It appears that on the third Monday of April, 1902, the relator was duly elected and qualified and entered upon his duties as such clerk, under Section 3899-3, Revised Statutes, which provides, among other things, that:

"On the third Monday in April, 1896, and biennially thereafter, the school council shall elect a clerk who shall not be a member of said council, and who shall be clerk of the board of education. He shall receive a salary to be fixed by the council, which shall not exceed two thousand dollars per year."

On the third Monday in April, 1904, the council neglected to elect a clerk; but on the following Monday night, April 25, 1904, at half-past seven o'clock in the evening, the council undertook to elect the defendant clerk of the board of education.

Meanwhile the new school code was passed by the Legislature and was signed by the governor at half-past four o'clock on the afternoon of April 25, 1904, some three hours before the election of the defendant as clerk. This new school code repeals said section under which relator had been elected, but provides that "All existing officers of boards of education and

school councils shall hold their respective offices until boards of education are elected and organized under the provisions of this act, but no officer elected or appointed to fill a vacancy occurring in any such office, shall be appointed to serve for a longer period than that ending on the 31st day of August, 1905.''

As the new school code, under the recent amendment of Article II, Section 16, of the Constitution (95 O. L., 962), became a law upon the governor's signing it, it is apparent that the school council had no authority to elect the defendant clerk of the board of education, unless said clerk is not an officer within the purview of the provisions of the school code last quoted, and of Section 8, Revised Statutes of Ohio, which reads as follows:

''Any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the Constitution or law.''

In other words, relator claims that on the third Monday of April, 1902, he was elected to the office of clerk of the board of educaton for two years, at the expiration of which time, no successor having been elected, he continued in office until the new school code took effect, and that by its provisions he is continued in office until a new board of education is elected and organized under it.

The sole question for determination in this case is, therefore, whether the relator is a public officer or occupies a mere clerical position subject to removal at any time by the school council.

Meachem on Public Officers, Section 1, gives the following definition:

''A public office is the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or ending at the pleasure of the creating power, an individual is invested with some part of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer.''

In 23 Am. & Eng. Enc. of Law, 322 (2d Edition), under title ''Public Officers,'' it is said:

"A public officer is an individual who has been appointed or elected in the manner prescribed by law, who has a designation or title given to him by law, and who exercises the functions concerning the public assigned to him by law. There are numerous criteria which are not in themselves conclusive, yet which aid in determining whether a person is an officer and whether his employment is an office. Thus, a public officer is usually required to take an oath, and frequently has to give a bond. Usually an officer is entitled to a salary or fees, but this is not necessary.

"The term 'office' also embraces the ideas of tenure and duration or continuance.

"Generally speaking, one of the requisites of an office is that it must be created by a constitutional provision, or it must be authorized by some statute. Official or unofficial character is to be determined not by the presence or absence of an official designation, but by the nature of the functions to be performed. Designation by the law as an officer is, however, of some significance."

Consonant with these definitions are the following Ohio cases: *State, ex rel,* v. *Kennon,* 7 O. S., 546; *State, ex rel,* v. *Wilson,* 29 O. S., 347; *State, ex rel,* v. *Anderson,* 45 O. S., 196; *State, ex rel,* v. *Brennan,* 49 O. S., 33; *State* v. *Meyers,* 56 O. S., 340; *State, ex rel,* v. *Jennings,* 57 O. S., 415.

Let us examine the sections of the statutes which provide for the election of a clerk and his duties, in order that we may determine whether he is an officer, as above defined.

We have already seen that the clerk is to be elected biennially and to receive compensation "per year," Section 3899-3, Revised Statutes. This indicates that the clerk's term of office is fixed at two years.

He has certain duties prescribed by statute. He is the custodian of the school director's bond (Revised Statutes, 3899-8). Certain claims must be approved by him (Revised Statutes, 3899-12); he must give notice of appropriations to the auditor and treasurer (Revised Statutes, 3899-14); he is the custodian of the auditor's bond (Revised Statutes, 3899-16); bids for contracts must be filed with him, publicly read and entered in full upon the records of the council (Revised Statutes, 3899-21).

The above provisions of the statutes are taken from the old

Cleveland code which has been repealed. The following duties of the clerk are provided for in sections of the statutes not repealed by the new school code:

All conveyances made by a board of education must be executed by the president and clerk (Revised Statutes, 3974). Process in suits against a board of education must be served upon the clerk or president (Revised Statutes, 3976, 4019). The clerk is required to take an oath that he will faithfully discharge the duties of his office, for Sections 3979 and 3980 Revised Statutes of Ohio, must be construed as including the clerk. In the enumeration of school children, the clerk is spoken of as an officer liable to a penalty for falsifying an enumeration (Section 4041).

The clerk of the board of education is required to give bond, payable to the state of Ohio, conditioned that he will faithfully perform all the official duties required of him (Revised Statutes, 4050). At the expiration of his term of office, he is required to deliver to his successor all books and papers in his hands relating to the affairs of his district (Revised Statutes, 4054). The clerk is held liable on his bond for failure to make return of certain statistics to the county auditor (Revised Statutes, 4061).

The new school code re-enacts many provisions as to the duties of the clerk, and adds some new duties; notably, he is now authorized to call special meetings of the board (Revised Statutes, 3978), and give notice of all school elections (Revised Statutes, 3970-11 and 3991.

It thus appears that outside of the mere clerical duties the clerk of the board of education has to perform for it and as directed by it, he has many statutory duties to perform, for the faithful performance of which he must answer to the people. These independent duties involve to a certain extent the exercise of part of the sovereignty of the state, in virtue of his election to office, and not as a mere employe, subject to the direction and control of the school council. *State, ex rel,* v. *Jennings,* 57 O. S., 415.

Upon the whole we therefore conclude that the relator is a public officer and was occupying the office of clerk of the board

of education at the time the new school code took effect; that there was no vacancy in said office at the time the school council undertook to elect the defendant clerk, and that his pretended election is therefore void.

The relief prayed for by the relator is granted.

*M. B. & H. H. Johnson,* for relator.

*N. D. Baker,* for defendant.