REQUESTED BY: Steven R. Illingworth, Phelps County Attorney, Holdrege, Nebraska 68949.
Is the county weed control superintendent, who is hired for an indefinite term and paid an annual salary by the county board pursuant to section 2-954(3)(a), R.R.S. 1943, a county officer, and, as such, ineligible to be an elective city officer pursuant to section 16-305, R.R.S. 1943?
Yes.
Your question concerns the definition of a county officer, or one who `holds any county office' as referenced in the provisions relating to individuals eligible to serve as elective officers of a city. Section 16-305, R.R.S. 1943, provides as follows:
 "No elective officer of the city shall hold any county office nor shall he be appointed to any office created by council. The acceptance of any county office by any such elective city officer shall be a vacation of the city office so held prior to such acceptance." (Emphasis added.)
You have asked whether a county weed control superintendent should be considered a county officer, and therefore ineligible to serve as an elective officer of a city of the first class. The statutory provisions applicable to the position of a weed control superintendent are set out at section 2-954(3), R.R.S. 1943. These provisions provide that such weed control superintendents are employed and bonded by the county board of supervisors or commissioners. The duties of such superintendents are to examine all land under the jurisdiction of the weed control authority for the purpose of determining compliance with sections 2-952
through 2-965, R.R.S. 1943, which essentially provide for noxious weed control. Generally speaking, county weed control superintendents are charged with supervising the coordinated weed control programs within the respective Nebraska counties.
Our office has previously opined that the members of a weed control board, or weed control authority are civil officers of the county, and that such a weed control authority is an agency of county government. See Report of the Attorney General, 1965-1966, No. 163 at 266; Report of the Attorney General, 1969-1970, No. 8 at 11, copies of which are attached hereto. While we have never directly addressed the question of whether the weed control superintendent is a county officer, it would appear that this position should be deemed an official office of the county under the same reasoning as we noted in our previous opinions.
A public office has been defined as a duty, charge, or a place of trust; a position to which certain statutory duties have been attached. 67 C.J.S., Officers § 2 at 219 (1978). An extensive discussion of what constitutes a public office may be found in the Iowa Supreme Court opinion inState v. Spaulding, 102 Iowa 639, 72 N.W. 288 (1897). For our purposes, suffice it to say that when a position of public responsibility has been created by statute, subject to certain express duties and requirements, compensated by public monies, and charged with certain public powers or trusts, that position can be characterized as a public, or in this case, a county office.
We therefore advise you that, consistent with our earlier opinions, the county weed control superintendent is a holder of a county office.