The Honorable Randy Laverty State Representative P.O. Box 303 Jasper, AR 72641-0303
Dear Representative Laverty:
I am writing in response to your request for my opinion on the following question:
 As a legislator, can I serve on the Baxter Regional Medical Center Political Advisory Board?
You have attached to your request a letter soliciting your membership on the Political Advisory Board. The letter describes Baxter Regional Medical Center ("Baxter") as "a not-for-profit healthcare organization," which I will assume means a private, nonprofit corporation. The letter defines the Political Advisory Board's functions as being "to advise and counsel Baxter Regional on health care issues important to area citizens," to serve as "a sounding board for new ideas" and, in turn, "to learn more about our organization and its goals."
RESPONSE
In my opinion, no principle of constitutional, statutory or common law would preclude you from serving on Baxter's Political Advisory Board. Any possible proscription against such service would be purely a matter of the General Assembly's own internal policies, if any, regarding potential conflicts arising from board memberships.
Article V, § 10 of the Arkansas Constitution provides that "[n]o Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." This constitutional provision would prohibit your prospective appointment to the Political Advisory Board only if your membership would qualify as a "civil office under this State." The Arkansas Supreme Court has most recently defined this term in State Board of Workforce Education v.King, 336 Ark. 409, 416, 985 S.W.2d 731 (1999):
 Early on, we cited with approval a definition of "civil office" offered by the Iowa Supreme Court: "A civil office is a grant and possession of the sovereign power." Wood v. Miller, 154 Ark. at 322-323, 242 S.W. at 575, citing State v. Spaulding, 72 N.W. 288 (Iowa 1897). Sovereign power is the authority of the State to act. Black's Law Dictionary 1396 (6th ed. 1990). Later, we wrote that a civil office is "an office created by civil law within one of the only three branches of government provided for under the present Constitution of this state." Harvey v. Ridgeway, 248 Ark. at 46, 450 S.W.2d at 287. We added in Harvey that Article 5, Section 10, "was designed and intended as a protection against the possible conflicts in interests a member of the legislature might have as an elected official with the power, influence and authority to create positions and offices, and the interest he might have as a private citizen who would desire to hold such civil office by appointment or election." 248 Ark. at 48, 450 S.W.2d at 288.
When one applies this definition, it becomes apparent that membership on the membership on the Political Advisory Board is in no sense a "civil office." Baxter is a private, nonprofit corporation, not a public entity. Membership on its Political Advisory Board consequently does not involve any grant of sovereign power — i.e., "the authority of the State
to act" (emphasis added). As a private entity, Baxter further was not "created by civil law" within one of the three branches of government. Neither the Constitution nor the Arkansas Code contains any reference to Baxter or its Political Advisory Board. By contrast, the Code recites an extensive list of state boards that must file annual reports with the Legislative Council. A.C.A. § 25-1-105 (Supp. 1999). Section 1 ofAct 360 of 1997 expressly acknowledges that A.C.A. § 25-1-105 requires "each state board and commission" to file an annual statement with the Legislative Council. The statute itself defines its scope as all itemized boards and "[a]ll other boards or commissions created by state law which are not listed in this section." A.C.A. § 25-1-105(m)(25) (Supp. 1999) (emphasis added). Because Baxter's Political Advisory Board was in no way "created by state law," your accepting the offered membership would not generate the conflict deemed constitutionally impermissible in King — namely, that of a board-creating legislator sitting on a legislatively created board. In my opinion, then, Article V, § 10 of the Constitution does not preclude your serving on the Political Advisory Board.
Similar reasoning precludes the application of Ark. Const. art. XIX, §6, which prohibits holding dual offices in the same department of the government, and Ark. Const. art. IV, § 2, which dictates that the three branches of government remain separate in their operations. Because neither Baxter nor its Political Advisory Board is a state entity, the issue of performing multiple state functions simply does not arise in this case.
The question remains, of course, whether membership on the Political Advisory Board might create a conflict of interests that would preclude your service for purely ethical reasons. It is at least conceivable that your fiduciary duties to the Political Advisory Board might at some point conflict with your obligations as a legislator. Whether such a conflict does or might exist is a factual question I am neither authorized nor equipped to address. I am further not aware whether the General Assembly has any formal canon of ethics that might apply in your situation. I can only opine, then, that no constitutional or legal proscription applies that would bar you from serving on the Political Advisory Board.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh