The Honorable David C. Hausam State Representative 1302 Quail Run Circle Bentonville, AR 72712-4175
Dear Representative Hausam:
I am writing in response to your request for my opinion on the following question:
 Would a current member of the Northwest Regional Airport Authority Board [the "Board"] need to resign her seat if elected to the General Assembly?
RESPONSE
In my opinion, Ark. Const. art. 5, § 7 dictates answering this question "no." However, I believe Ark. Const. art. 5, § 10 would prohibit the Board member's reappointment to the Board so long as she continued to serve as a legislator.
Article 5, § 7 of the Arkansas Constitution provides in pertinent part: "No . . . person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmaster, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly." At issue, then, is whether service on the Board qualifies as a "lucrative office" and, if so, whether it constitutes an office "under . . . this State."
Although you do not address the issue in your request, my immediate predecessor acknowledged in addressing a previous request that the Northwest Arkansas Regional Airport Authority was organized pursuant to the Regional Airport Act, A.C.A. § 14-362-101 et seq., which authorizes any two or more municipalities and any two or more contiguous counties, or any combination thereof, to create a regional airport authority for the purpose of acquiring, equipping, constructing, maintaining, and operating a regional airport. See Ark. Op. Att'y Gen. No. 95-056. Section14-362-107 of the Code expressly provides that "[n]o member of the board of an authority shall receive any compensation" other than reimbursement for "necessary expenditures in connection with the performance of his general duties as a member." Although neither the courts nor this office have found occasion to define the term "lucrative," its standard meaning is "profitable; moneymaking; remunerative," Random House Webster'sUnabridged Dictionary (2d ed. 1999) — a definition that does not embrace the mere recovery of expenses. Accordingly, I do not believe a current Board member's service could be described as "lucrative." In my opinion, then, a current Board member would not be precluded by operation of Ark. Const. art. 5, § 7 from running for the General Assembly and subsequently serving both on the Board and in the legislature.
However, even though the Board member's dual service would be permissible upon her election to the legislature, I believe she would be constitutionally precluded from being reappointed to the Board so long as she continued her legislative service. Article 5, § 10 of the Arkansas Constitution provides: "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State."); Williams v. Douglas, 251 Ark. 555,558, 473 S.W.2d 896 (1971) (proclaiming that "no constitutional provision enjoys a preference and that none should suffer subordination or deletion" and hence that each of these provisions must be given effect when circumstances warrant); Ark. Op. Att'y Gen. No. 93-432 (discussing the scope of the phrase "civil office under this State" as used in Ark. Const. art. 5, § 10).
In Wood v. Miller, 154 Ark. 318, 322-23, 242 S.W. 573 (1922), the court defined the term "civil office" as follows:
 "A civil office is a grant and possession of the sovereign power." [Citations omitted.] . . . "Any officer who holds his appointment under the government . . . is a civil officer." [Citations omitted.] The words "under this Sate" as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority.
(Citing State v. Spaulding, 102 Iowa 639, 72 N.W. 288 (1897), Mechem onPublic Officers, 24. In the present case, Board members are governmental appointees whose terms are set by law. A.C.A. § 14-362-105. The Code further denies Board members salary and expressly defines the Board's powers, including the quasi-governmental authority to levy taxes and to issue revenue bonds. A.C.A. §§ 14-362-107, -109 and -110. Given these statutory provisions, Board members clearly qualify as "civil officers" within the contemplation of Ark. Const. art. 5, § 10. Accordingly, I believe the Board member at issue in your request would be barred from reappointment to the Board during the term of her legislative service.See Ark. Op. Att'y Gen. No. 97-025 ("[W]hile it is permissible for a legislator to serve out the term of another office to which he was elected prior to being elected to the state legislature, it is not permissible for him to be re-elected to that other office during his term in the state legislature. See Williams v. Douglas, 251 Ark. 555,473 S.W.2d 896 (1971)").
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh