HENRY HOP, Appellee, v. HENRY G. BRINK et al., Appellants.

JANUARY 17, 1928.

*John Fletcher*, Attorney-general, *Maxwell A. O'Brien*, Assistant Attorney-general, and *Charles B. Hoeven*, County Attorney, for appellants.

*Klay & Klay*, for appellee.

DE GRAFF, J.—This appeal presents for decision a question of law, to wit: Is a civil township, under the Workmen's Compensation Law of Iowa, liable to its duly appointed road superintendent for "personal injuries sustained, arising out of and in the course of the employment?" It may be well, before giving a direct answer to the question, to make inquiry concerning the origin, powers, and duties of a civil township, as defined by statute.

A civil township is not an incorporated body. It has no inherent charter rights. It is but the creation of the board of supervisors of the county, and its functions are purely govern-

mental. It is an involuntary political or civil division of the county, and cannot be classed with incorporated and voluntary divisions of the state and county. It cannot be classed with municipal corporations, as the latter are bodies politic incorporate, finding their constitution by incorporation for the purpose of local government.

The statute provides that the board of supervisors shall divide the county into townships, as convenience may require, and from time to time make such alterations in the number and boundaries of the townships as it may deem proper. Section 5527, Code of 1924. It is apparent, therefore, that a township is an involuntary civil district, unincorporated, and finds its origin in the discretion and judgment of the board of supervisors of a county. The township elects biennially members of the board of township trustees, consisting of three qualified electors of the township. Sections 521 and 5543.

When a new township is formed, in which township officers are to be elected, the board of supervisors shall call the first township election. Section 5536. The description of the boundaries of each township and all alterations thereof shall be recorded in full in the records of the board of supervisors and of the township. Section 5530.

The foregoing provisions of statute sufficiently indicate how a civil township is brought into being. It is the lowest unit of our body politic, and can act only through a board of trustees, the township clerk, and such persons as are legally authorized to be employed.

What are the powers and duties of township trustees? It is provided that the trustees shall act as overseers of the poor, as fence viewers, and as the local board of health, and shall constitute a township board of equalization of taxes. Section 5543.

It is further provided that the board may condemn or purchase land for cemeteries, and pay for same out of the general fund of the township (Section 5558) ; may receive as gifts or bequests money or property for the purpose of establishing libraries, township halls, or cemeteries, or for any other public purpose (Section 5559) ; may levy a tax to pay for any lands so condemned or purchased, or for the necessary improvement and maintenance of cemeteries so established, and for the improvement and maintenance of public parks acquired by gift, or for

maintenance and improvement of cemeteries established in adjoining townships (Section 5560); control any such cemeteries or appoint trustees for the same, or sell same to private corporations for cemetery purposes (Section 5561); may levy a tax to improve or maintain any cemetery not owned by the township, provided same is devoted to general public use '(Section 5562); may inclose, improve, and adorn the grounds of cemeteries, construct avenues therein, erect proper buildings, and prescribe rules for the improving or adorning of lots or erections of monuments or other memorials (Section 5566); may appoint watchmen for the grounds, and sextons, superintendents, gardeners, and agents, stationed upon or near such grounds, and these watchmen, etc., are authorized to take oath of office, and upon taking such oath shall have powers of peace officers within and adjacent to cemetery grounds (Sections 5567 and 5568); may convey lots in cemetery, plat and record said ground (Sections 5569 and 5570); may assess damages caused by trespassing animals (Section 2989); may submit proposition for erection of township hall, and if voters are in favor of tax for same, the trustees shall certify such fact to the board of supervisors, which shall levy the tax (Sections 5574 and 5575); may locate site, and may purchase land (Section 5577); have charge of the building of such hall, and shall receive bids and let contract and certify the tax to be levied to be used in keeping building in repair and furnish same with furniture and provide care for same (Sections 5578 and 5581); may license places of amusement, at discretion (Section 5582); may revoke such licenses (Section 5585); may repair and improve roads of the township outside of cities and towns, and not a part of state, primary, or county road system (Section 4780); may expend, equitably and judiciously, the funds of township for the specific purposes for which authorized (Section 4781); may let by contract any part of the township work (Section 4781); may cause all weeds on township roads to be cut (Section 4784); may select roads to be dragged (Section 4785); shall not allow any bills for dragging, maintenance, or repair work until verified itemized bills have been certified by the township road superintendent (Section 4786); shall employ a superintendent or superintendents, not exceeding four, for the township road system, whose term of office and compensation shall be at the

discretion of the trustees (Section 4787) ; shall apply to board of supervisors for engineer, who shall survey and lay out roads before beginning any work on road system other than repairs (Section 4793) ; may contract with board of supervisors for any work (Section 4794) ; shall make levies for township road fund, township road dragging, and road drainage (Section 4795) ; shall determine amount that shall be allowed for a day's labor (Section 4796) ; shall use township road fund for building and repairing all township roads, installation and repair of culverts, filling culverts, and grading approaches to bridges on township roads, for purchase of tools, road drags, and machinery, and for elimination of danger at railroad crossings (Section 4797) ; shall use drag fund for dragging only (Section 4798) ; may replenish drag fund from road fund (Section 4799) ; may use road drainage fund to pay assessments against township (Section 4800) ; may replenish same from road fund, or vice versa (Section 4801) ; may use township road for any other authorized purpose (Section 4797) ; shall, at the November meeting, settle with township clerk, road superintendent, and with all parties with whom contracts have been made for work in repairing or dragging the roads (Section 4808) ; may transfer work to board of supervisors, but dragging and repair of township roads shall continue under board of trustees (Section 4812) ; may make additional levy when work is transferred to board of supervisors (Section 4812) ; shall fix poll tax (Section 4813) ; shall give notice to destroy weeds (Section 4822), and cause weeds to be destroyed, and advance funds therefor, and shall assess all costs against owner (Section 4823) ; shall cause all obstructions in highway to be removed (Section 4834) ; shall remove open ditches, water breaks, and like obstructions, and may employ labor for the purpose in the same manner as for repair of highways (Section 4840) ; may maintain suits in equity to restrain obstructions of highways (Section 4842), the county attorney to appear, but trustees may employ counsel (Section 4843) ; shall enforce billboard and advertising sign law by civil or criminal proceedings (Section 4845) ; shall remove billboards and advertisement from highways (Section 4847) ; shall maintain township roads after so improved, unless nature of improvement causes the board of supervisors to add road to county road system (Section 4751).

It is obvious that the statutory duties of township trustees are many and varied, and that some of them are quasi judicial in nature, and others may be classified as executive or administrative.

It may be noted, in passing, that this court has repeatedly held that a civil township is not a corporation, and cannot be sued. *Austin Western Co. v. Township of Weaver*, 136 Iowa 709.

It may also be observed that the members of a board or council, acting in a representative capacity, are not, in the absence of specific legal grounds, individually liable. *Farmers' L. and Tr. Co. v. City of Newton*, 97 Iowa 502.

In the instant case, it is obvious that the contract in question (which is not found in the record before us, but admitted to have been made) was entered into between the plaintiff and the defendants for the benefit of Sherman Township. Such contract must be interpreted in the light of statutory provisions. The duties of the road superintendent are primarily supervisory, as his official title indicates. He is not a "road patrolman." That office is also created and defined by statute, and the appointment to the office is made by the board of supervisors of the county. Section 4774 *et seq.*

With these preliminary statements and observations in mind, we turn to the basic and controlling question, which involves the interpretation of certain provisions of the Workmen's Compensation Law of Iowa.

Is a civil township an employer, within the definition of the act? Is a road superintendent an employee, within the meaning of the act? The act provides:

"Where the employer and employee have not given notice of an election to reject the terms of this chapter, every contract of hire, express or implied, shall be construed as an implied agreement between them and a part of the contract on the part of the employer to provide, secure, and pay, and on the part of the employee to accept, compensation in the manner as by this chapter provided for all personal injuries sustained arising out of and in the course of the employment." Section 1377, Code of 1924.

It is further provided (Section 1421) that the following definitions of terms shall prevail:

"1. 'Employer' includes and applies to any person, firm, association, or corporation, state, county, municipal corporation, city under special charter and under commission form of government, school district, and the legal representatives of a deceased employer. 2. 'Workman' or 'employee' means a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, except as hereinafter specified. 3. The following persons shall not be deemed 'workmen' or 'employees:' * * * c. An independent contractor. d. A person holding an official position, or standing in a representative capacity of the employer, or an official elected or appointed by the state, county, school district, municipal corporation, city under special charter or commission form of government."

Did the legislature, by omitting to include townships, intend that such townships as employers should not be within the scope of the chapter? Every other body politic within the state having authority to employ labor has been included within the terms used. It would be but a fiction to bring a civil township under the term of "municipal corporation," for the simple reason that it is not a corporation. It is an unincorporated civil district, created by the county for governmental purposes. The township acts through its board of trustees, whose powers are defined by statute. Clearly, the township is not a governmental employer, upon whom the compensation act is made obligatory. Section 1362, Code of 1924. Nor does the township fall within the definition of employer, since it is not a person, firm, or association.

It may be said further that the plaintiff road superintendent is an official, appointed by the township. He holds an official position, and when he acts for his employer, he stands in a representative capacity of the employer. As an official, he qualifies by taking oath of office required of all civil officers, and he must furnish bond. Section 4811. As an official, he has general supervision of all maintenance and repair road work in the township, including the placing of culverts. As an official, he collects the poll tax, maintains approaches to all bridges, and when bridges and culverts are unsafe, erects barriers. As an official, he is charged with keeping the openings of all culverts

and ditches free from obstructions, and shall have charge of all dragged and draggable roads, and see that they are properly dragged. As an official, he shall contract, on behalf of the township, for the necessary dragging of roads, at such prices as the trustees may authorize. As an official, he shall report, in writing, on all work done under and by him, and shall pay to the township clerk all moneys received by him. Section 4788. As an official, he shall receive poll tax list from the township clerk (Section 4789), and shall drain surface water from roads (Section 4791), and shall notify the board of supervisors of unsafe bridges and obstructed passages thereover. He shall report to the township clerk three times a year, giving the names of persons required to perform labor on public roads and amount paid therefor or work done, the names of all persons against whom actions have been brought, and amount collected, the amount of money coming into his hands, and from what sources, and the number of days he has been employed in the discharge of his duty, the condition of the roads in his district, and such other items and suggestions as he may wish to make. Section 4807. As an official, he shall give receipt for poll tax (Section 4815), and may recover unpaid poll tax by action in his name as road superintendent. Section 4816.

It is quite evident that the road superintendent is an official, standing in a representative capacity of the employer. We therefore hold (1) that the defendants are not within the definition of an "employer," and (2) that the plaintiff is excluded from the scope of "employee," as defined in Section 1421, Code of 1924. Under either theory, the plaintiff is not entitled to the compensation as prayed and as adjudged, and the judgment entered by the trial court must be, and is,—*Reversed.*

All the justices concur.