JESSE J. HAMILTON, Claimant, Appellant, v. J. LE ROY FARMER CANNING COMPANY, Employer, Appellee; FIDELITY & CASUALTY COMPANY, Insurance Carrier, Appellee.

No. 42875.

JUNE 21, 1935.

John B. Brooks and Paul V. Wilson, for appellant.

Carl F. Jordan, for appellees.

MITCHELL, J.—J. LeRoy Farmer owned and operated as an individual four canning factories, located at Cedar Rapids, Tipton, West Liberty, and Monticello, Iowa. He employed one Jesse J. Hamilton at his factory at Tipton. On the 26th day of June, 1933, while engaged in taking an inventory of can labels located

in the warehouse of the factory, Hamilton slipped and fell upon a freshly scrubbed floor and as a result sustained a fracture of the right hip. He filed an application for arbitration under the workmen's compensation act, to which application the employer filed answer, denying liability, claiming that Hamilton was not entitled to the benefits of the workmen's compensation act because Hamilton was holding an official position or standing in a representative capacity of the employer. A hearing was held before the Deputy Industrial Commissioner, and the relief asked for was denied. A petition for review was then filed, and a hearing was had on said review before the Industrial Commissioner, who entered an order, sustaining the decision of the Deputy Industrial Commissioner and denying the relief prayed for. From the decision of the Industrial Commissioner an appeal was taken to the district court of Cedar county, and after a hearing that court dismissed the appeal and affirmed the finding of the Industrial Commissioner. The claimant, being dissatisfied with the decision of the lower court, has appealed to this court.

The sole proposition involved in this case is whether the appellant was ''standing'' in a representative capacity of the employer (appellee) at the time of the injury. See Code, section 1421, subsection 3. There is no controversy about the place of receiving the injury, the nature thereof, and that when the injury occurred appellant was on the pay roll of the appellee, and that he was about his usual duties. To the record we must turn to ascertain the facts.

It is interesting to note that, in the application filed for arbitration, the appellant set out the following:

''That your applicant, at the time of the accident was engaged in the general duties of manager of the Tipton, Iowa, factory of the employer, and particularly engaged in taking an inventory of can labels located in the warehouse of the factory, when he slipped and fell.''

So in the very beginning we have the claimant admitting that he was performing the general duties of manager of the Tipton plant.

His employer, J. LeRoy Farmer, had four canning factories located in different towns and cities in the state of Iowa. It was an unincorporated business, with Mr. Farmer in charge of all of the factories. Mr. Hamilton had been employed at the Tipton

plant for a great many years. He was paid the sum of $100 per month and in addition thereto, fifteen per cent of the profits. No other employee of the Tipton plant was paid in this manner. The duties he performed were many and of a wide variety. The plant was a canning factory. It operated at only certain times of the year. In other words, it had to wait until the crop was ready to be harvested and canned. At different times of the year the number of employees would vary greatly. In the wintertime Hamilton would be the sole employee. During that season of the year he would sweep the floors, keep the fires, take out ashes, and do various other kinds of manual labor around the plant. When it came time to sign up contracts with growers for the planting of acreage, Hamilton performed that job. And then, when it came time to pack, Hamilton would employ the necessary help needed, which at some times would run as high as seventy-five employees. He had the right to hire and to fire. He was authorized to and did issue checks when occasion required. He exercised general supervision of the plant operations, and when Farmer was not there all directions came from Hamilton. Farmer made various visits to the plant. During the canning season he was there every day, or almost every day. He reserved to himself decisions as to matters of general business policy. This is generally done in large businesses that operate more than one factory. It is necessary, however, in all such undertakings, to delegate power to supervise and direct business proceedings within the rules of general policy developed by the chief authority. The record tends to show that such was the method adopted in this organization and such was the relationship between Farmer, the proprietor, and Hamilton, manager at Tipton. We have here a record which amply supports the claim that Hamilton was a representative of the owner, at Tipton; that he was the man who stood in a representative capacity to his employer.

In Iowa there is no uncertainty as to the law. The law in this case was settled in Kutil v. Floyd Valley Mfg. Co., 205 Iowa 967, 970, 218 N. W. 613, 615, where this court said:

''A bank president may, under some circumstances, be called upon or be willing to perform the duties of a janitor or night watchman. He still would be holding an official position, no matter what duties he performed; and, if he were injured while

performing the duties of a night watchman, he would be without the scope and intent of the law. * * *

"The term 'representative capacity' requires no definition, as it means simply a person who stands in the place of the employer with authority to act for the employer. Such a person, no matter what his duties may be, is, by the express terms of the statute, excluded from the benefits created by the statute."

The appellant refers to this case as a "maverick" case. Turning to Webster's New International Dictionary, second edition, unabridged, we find the word "maverick" defined as follows:

"An unbranded animal, esp. a motherless calf, formerly customarily claimed by the one first branding it; to stray or take as a maverick."

To prove that the Kutil case is a "maverick" case, appellant's counsel cite numerous decisions from other jurisdictions. They are doubtless sound applying to statutes with which they are associated, but they do not afford any footing herein. The "representative capacity" provision in our law, which deprives this claimant of relief, we do not find in any other Code that we have had an opportunity to examine. In the Kutil case, it is made plain that employment relationship is not established by specific incidental performance but by degree of authority with which the employee is vested and the extent to which that authority is exercised in the supervision, direction and control of the business. Upon this record this definite rule serves conclusively to show Jesse J. Hamilton as "one standing in a representative capacity of the employer," and, as such he is not entitled to compensation under the Iowa workmen's compensation law.

It therefore follows that the decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, POWERS, HAMILTON, DONEGAN, PARSONS, and RICHARDS, JJ., concur.