AGNES PATTEE, Claimant, Appellant, v. FULLERTON LUMBER
COMPANY, Employer, and GLOBE INDEMNITY
COMPANY, Appellees.

No. 43199.

DECEMBER 17, 1935.

A. J. Shaw and F. W. Shaw, for appellant.

W. C. Hoffmann and Stipp, Perry, Bannister & Starzinger, for appellees.

PARSONS, J.—This case makes the necessity of construing certain provisions of the Workmen's Compensation Act found in chapter 70 of the 1931 Code (section 1361 et seq.), and grows out of the death of W. D. Pattee, claimed to have been an employee of the Fullerton Lumber Company.

The widow of deceased filed a claim in the office of the Iowa Industrial Commissioner setting out in substance that her husband, W. D. Pattee, was employed by the lumber company at Rolfe, Iowa, and on the 5th day of March, 1934, received an injury arising out of and in the course of his employment, and resulting in his death March 13, 1934. It was set out that she was entirely dependent upon the deceased for her support, and asked compensation for the death and for expenses connected with his last illness, in accordance with chapter 70 of the Code of 1931, and amendments thereto.

The answer of the employer was as follows:

"1. They deny each and every allegation contained in said application except that the said W. D. Pattee died on the 13th day of March, 1934.

"2. They specifically deny that the said W. D. Pattee sustained an injury arising out of and in the course of his employment by the Fullerton Lumber Company.

"3. They specifically deny that the said W. D. Pattee was a workman or employee of the Fullerton Lumber Company at the time of the sustaining of his injury on or about the 5th day of March, 1934, and aver that at the said time the said W. D. Pattee was holding an official position or standing in a representative capacity of the employer.

"Wherefore the defendants pray that compensation be denied."

A hearing was had before Deputy Commissioner Ralph Young, arbitration being waived, and who, on June 30, 1934, entered the following decision:

"First: That head abrasions suffered by W. D. Pattee on the premises of the defendant lumber company, March 5, 1934, resulted fatally March 15, 1935, and did not arise out of his employment by the defendant lumber company within the meaning of the compensation statute.

"Second: That although employed by the defendant lumber company, W. D. Pattee's relationship with the company and with the public was such that he stood 'in a representative capacity of the employer' and accordingly was not an employee within the meaning of the compensation statute.

"Wherefore by reason of the findings set out in either and both of the preceding paragraphs, compensation recovery to the widow, claimant herein, must be and is hereby denied. And the costs of the hearing are taxed to the claimant."

A petition for review by the Industrial Commissioner was presented and a hearing had on that, the Industrial Commissioner saying in his decision:

"In view of this entire record it is necessary to hold:

"1. Injury to the person of W. D. Pattee, March 5, 1934, did not arise out of employment by this defendant.

"2. In his working relation with the Fullerton Lumber Company the decedent was standing in a representative capacity of the employer.

"In all its ruling and finding the arbitration decision in denial of award is affirmed."

From this decision of the Industrial Commissioner an appeal was taken to the district court of Pocahontas county, and after a hearing it was ordered by that court that the findings and orders of the Industrial Commissioner shown by the record of this case and the denial of award as found and entered of record by said commissioner be affirmed. Judgment was rendered against the appellant, Agnes Pattee, for the costs in this case, to all of which the appellant excepted. Appeal was then taken to this court.

The first question that arises in this case is: Was W. D. Pattee an employee within the meaning of the statute? Section

1421, Code 1931, provides: "In this and chapters 71 and 72, unless the context otherwise requires, the following definitions of terms shall prevail." Subsection 3 of this section provides: "The following persons shall not be deemed 'workmen' or 'employees'." Then follows (d), providing that a person holding an official position, or standing in a representative capacity of the employer, or an official elected by the state, county, school district, municipal corporation, city under special charter, or the commission form of government, shall not be deemed an "employee".

It is urged by the appellant that her husband did not come within the exception set out in section 1421, while the appellee urges to the contrary. The decedent was not holding an official position when injured, so the only question is: Was the deceased standing in a representative capacity of the employer? The commission in its decision, which is printed in full in the abstract, speaking of the record, said:

"As a witness John Evans qualifies as superintendent, having general supervision of company affairs. Asked as to the nature of Pattee's duties he says: 'He run the yard.' 'He did everything that had to do with running a lumber yard.' 'He was to perform all duties incident to running a lumber yard.' 'He stood for the employer at that place.' He says Pattee exercised discretion as to extension of credit and signed checks. Of course the decedent had superiors in authority. He was visited every week or so by an auditor or some higher-up. But in his functioning at Rolfe he spoke for the company—he surely was standing in a representative capacity of the employer."

The son of the deceased and claimant testified: "Father had general charge of the business there for the Fullerton Lumber Company. He rather managed and supervised the business."

Murrow testified that he hired Mr. Pattee for the company in 1923; that the business had been purchased from the Shull line, and the deceased had previously worked for Shull. Mr. Pattee's duties were to do anything that came up in the way of operating a retail yard. The Fullerton Lumber Company had supervision over these yards. The supervisor of the yard usually fixed prices, and the witness was the supervisor at that time. The following question was asked him on cross-examination:

"Q. And in the absence of someone else, he was the lumber yard at Rolfe, he would be the Lumber Company at Rolfe? A. He would be the same any day, whether the superintendent was there or not, his duties would be the same. He had been there since we hired him and before that."

Mr. Evans, the auditor of the company, testified that Pattee was known as manager of the business at Rolfe, and performed the duties of the same, and he stood pretty much for the company at that place; he signed checks. He didn't have to write to the company if a neighbor of his wanted to buy coal. He didn't have to write to ascertain one's credit, he used his own discretion. At the time he was injured he had a helper.

█ █ █ It appears to us that there was sufficient evidence there to warrant the commissioner in his finding that the deceased should be classed as standing in a representative capacity of the employer.

Hamilton v. G. LeRoy Farmer Canning Company, 220 Iowa 25, 261 N. W. 506, we think substantially settles this question for this state; outside authorities are of no use here because this phrase is peculiar to the Iowa statute.

In the Hamilton case the court affirmed a decision of the commission holding that Hamilton was not an employee of the canning company which was an unincorporated association, and had four canneries, one at Tipton where Hamilton was employed, subject to about the same supervision as in this case. Mr. Farmer had charge of all the factories. Hamilton had been employed at the Tipton plant for many years, and was paid $100 a month and in addition thereto 15 per cent of the profits. He managed the business of the company at that place, subject only, of course, to the supervision of Farmer. Farmer made various visits to the plant. During the canning season he was there almost every day; he reserved to himself decisions in general business policies. The court said:

"It is necessary, however, in all such undertakings, to delegate power to supervise and direct business proceedings within the rules of general policy developed by the chief authority. The record tends to show that such was the method adopted in this organization, and such was the relationship between Farmer, the proprietor, and Hamilton, manager at Tipton. We have here a record which amply supports the claim that Hamilton was

a representative of the owner, at Tipton; that he was the man who stood in a representative capacity to his employer.''.

The same section of the statute is under discussion in Kutil v. Floyd Valley Mfg. Co., 205 Iowa 967, 218 N. W. 613, a case where the president of a corporation acting as a salesman, and while so acting, met with an injury and died therefrom. It was held that because he was the president of the corporation no recovery could be had.

Section 1452 of chapter 71 of the Code says, in speaking of the powers of the commission: ''In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive.'' For the commissioner to decide in this case that Pattee represented the lumber company in a representative capacity was a question of fact. We do not see how he could have found otherwise than he did, but conceding that he might have found otherwise, he had a discretion under this statute, and that discretion is binding upon us.

██ Another question which arises in this case is: Did the injury to Pattee arise ''out of and in the course of employment''? It is provided in section 1363 of the Code:

''Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.''

It will be observed that in order for one to recover for personal injuries, the injuries must arise ''out of and in the course of the employment.'' So that in the event of an injury to an employee, for the employer to be liable under chapter 70 of the Code, being the Workmen's Compensation Act, he must show two things: That the injury arose out of the employment; and that it arose in the course of the employment. These two things must necessarily be shown under the statute or compensation cannot be recovered.

We are not without authority in this state on that. A case decided by this court November 19, 1935, and entitled Wax v.

Des Moines Asphalt Paving Corp., 220 Iowa 864, 263 N. W. 333, passed upon this question. It was conceded that Wax died from sunstroke. The sunstroke was received while he was working for the paving company. It is well settled in many of the cases that have been before the courts of the various states that where the cause of death is "*force majeure* which human vigilance can neither foresee nor prevent" recovery cannot be had.

The facts in the case we are determining show that Pattee was subject to nosebleed; that his nose commenced to bleed in the office on the day of the alleged injury; that he stepped out of the office to go into the driveway on account of the nosebleed; that to reach the driveway he had to step out on a small porch, which is but one step above the driveway; that he stepped down and because of dizziness fell and injured his forehead; that he was taken home, and in a few days erysipelas developed, and it is conceded in argument in the case that the erysipelas was the result of the injury. The only question was as to whether it arose out of and in the course of his employment. The deputy, the commissioner, and the district court held that it did not so arise, and consequently rendered judgment in favor of the appellee and against the appellant. It cannot be said that there was not evidence from which the commissioner might have so found. Whether or not the preponderance of evidence was one way or another, the decision of the commissioner is final. We must take his decision as final under section 1452 of the Code, and the clause thereof which says: "In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

However, without regard to the question of the conclusiveness of the finding of the commissioner, and regarding it as a question to be primarily decided by the court, the general rule is well stated in 28 R. C. L. p. 806, section 94:

"If the employment brings with it no greater exposure to injurious results from natural causes, and neither contributes to produce these nor to aggravate their effect, as from lightning, severe heat or cold, than those to which persons generally in that locality, whether so employed or not, are equally exposed, there is no causal connection between the employment and the injury. But where 'the employment brings a greater exposure and injury results,' the injury does arise out of the employment."

1188

The injury here was primarily by reason of Pattee being subject to severe bleeding at the nose, and it was his effort to care for himself in this when deceased met the injuries complained of.

In Antonew v. N. W. States P. C. Co., 204 Iowa 1001, 216 N. W. 695, this court held that a supported finding by the industrial commissioner, on conflicting testimony, that an employee had failed to show that an injury arose out of and in the course of his employment, is conclusive on the courts. In that case this court held that compensation is not due under the Workmen's Compensation Act under a showing, based on a mere conjecture, that an injury arising out of and in the course of his employment accelerated the termination of an already existing disease in the employee.

In Smith v. Soldiers' & Sailors' Mem. Hosp., 210 Iowa 691, 231 N. W. 490, the finding by the industrial commissioner on competent, supporting, and conflicting testimony, that an injured employee had not shown that his injury arose out of and in the course of his employment, is absolutely conclusive on the courts.

Without commenting further on the cases cited, we arrive at the conclusion, from the whole record of this case, that we are bound by the commissioner's finding; that the defendant was in a representative capacity to the employer; that the injury did not arise out of and in the course of his employment; that the finding of the commissioner on these matters is conclusive upon the court. Hence, we must hold that the district court entered the only judgment it could enter in this case, and for the reasons pointed out, the decision of that court is—Affirmed.

KINTZINGER, C. J., and all Justices concur.