CLARA M. McKINLEY, Appellant, v. CLARKE COUNTY et al., Appellees.

No. 45132.

AUGUST 6, 1940.

REHEARING DENIED NOVEMBER 15, 1940.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

Miller, Huebner & Miller, for appellees.

OLIVER, J.—L. W. McKinley, county engineer of Clarke county, Iowa, was accidentally killed while enroute from Des Moines to Clarke county with repair parts for county road machinery. His widow instituted proceedings against the county and its insurance carrier under the Workmen's Compensation Act to recover compensation for his death. The defense plead, in addition to a general denial, was that McKinley was an "official" appointed by the county, and, therefore was not a "workman" or "employee" within the purview of the act.

Upon arbitration the deputy industrial commissioner, as sole arbitrator, denied claimant compensation. Upon review the industrial commissioner awarded compensation to said claim-

ant. Appeal was then taken to the district court, which reversed and set aside the findings, decision and award of the industrial commissioner and denied compensation to claimant. From the ruling and judgment of the district court claimant prosecutes this appeal.

It is practically conceded the death of McKinley arose out of and in the course of the performance of services connected with his position as county engineer. The only question for solution concerns his status under the compensation act, and particularly under Code section 1421. This section defines "workman" or "employee" and then sets out certain exceptions, in part as follows:

"3. The following persons shall not be deemed 'workmen' or 'employees':

"*d.* * * * an official elected or appointed by the * * * county * * * ."

If McKinley was an "employee" of the county, his death was compensable, if he was an "official", he was in a class excepted from the benefits of the Workmen's Compensation Act.

I. The position of county engineer is statutory. Section 4644.17, Code of Iowa, 1939, provides:

"Engineer—term. The board of supervisors shall employ one or more registered civil engineers who shall be known as county engineers. The board shall fix their term of employment which shall not exceed three years, but the tenure of office may be terminated at any time by the board."

The powers and duties of such position are conferred by statute and are largely specifically defined. It is established without dispute that the board of supervisors employed McKinley in this position. The commissioner so found. However, the commissioner also found that a county engineer was not "an official" within the purview of the Workmen's Compensation Act, and upon such finding awarded compensation to appellant.

1188

Appellant contends this finding was, in part at least, a conclusion of fact which being based upon sufficient evidence was binding upon the district court, and, therefore, that the court erred in setting the same aside and denying the claim for compensation. We do not agree that this was, or could properly have been, a finding of fact. It was predicated upon the commissioner's interpretation of the compensation act, and statutes relating to the employment, powers and duties of county engineers. Where statutes create a position and prescribe its duties and powers, the status of one occupying such position should be thereby determined. We hold the commissioner's finding upon this proposition was a conclusion of law and was subject to review by the court.

II. Appellant contends that to interpret Code section 4644.17 as creating the public office of county engineer would render the statute void as being in violation of section 29 of Article III of the constitution of Iowa, which provides that every act shall embrace but one subject, and matters connected therewith; which subject shall be expressed in the title. The specific complaint is that the subject is not expressed in the title. The Code section was enacted as part of chapter 20, Laws of the Forty-third General Assembly which was entitled:

"An Act to define and designate the secondary roads of the state, to provide for the construction and maintenance of such roads, * * * to define the powers and duties of public officers and employees in reference to such work, to coordinate and harmonize various statutes which relate to roads and highways, and to this end to repeal * * * " various enumerated sections and chapters and to amend others.

Among the sections repealed was section 4641, Code of 1927, which had authorized the board at its discretion, to employ one or more county engineers. The effect of chapter 20 of the Forty-third General Assembly, among other things, was to make such appointment mandatory and change some of the powers and duties of county engineers. The result was that the position of county engineer was continued by this legislation with powers and duties modified to conform there-

with. Chapter 20 of the Forty-third General Assembly was amendatory and substitutional rather than legislation in a new field. The title mentions provisions concerning the powers and duties of officers and employees in reference to secondary road construction and maintenance. One reading such title would have no legitimate reason for surprise at the provisions concerning the employment, powers and duties of county engineers. Manifestly, they are germane to the title and the act. We think these subjects are sufficiently expressed in the title to comply with the requirements of the constitution. See State v. Gibson, 189 Iowa 1212, 174 N. W. 34; State v. Talerico, 227 Iowa 1315, 290 N. W. 660, and authorities therein cited.

III. The ultimate question for decision is whether or not a county engineer is an "official". We are unable to agree with appellant's contention that the services of decedent were performed under a contract with the board of supervisors. Neither he nor the board could alter the status of his position as county engineer in so far as his powers and duties were expressly or impliedly prescribed by statute.

The use of the word "employ" in the statute did not necessarily constitute the county engineer an employee. As bearing upon this it may be noted that the word "employ" was used in section 4787, Code of 1927, concerning a position held in Hop v. Brink, 205 Iowa 74, 217 N. W. 551, to be a public office. Nor is the use of the word "office" or "officer" in certain statutes, which may refer to the position but do not purport to define it, controlling. The question is not primarily one of language but rather of statutory powers and duties.

It may be here noted that Code section 4644.19 provides that county engineers shall work under the directions of the board and shall give bond for the faithful performance of their duties. McKinley was hired as county engineer, at a salary of $145 per month, furnished bond and took oath of office. The oath was not specifically required by the statute, but is required of public officers by section 5 of Article XI of the constitution of Iowa.

State v. Spaulding, 102 Iowa 639, 72 N. W. 288, a leading

authority, lays down rules for determining whether a person is a public officer. In concludes that a position created by direct act of the legislature, or by a board of commissions duly authorized so to do, in a proper case, by the legislature, is a public office; that to constitute one a public officer his duties must either be prescribed by the constitution or the statutes, or necessarily inhere in and pertain to the administration of the office itself; that the duties of the position must embrace the exercise of public powers or trusts; that is there must be a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; and that among other requirements the following are usually, though not necessarily, attached to a public office: a. an oath of office; b. salary or fees; c. a fixed term of duration or continuance.

Code section 4644.21 provides as follows:

"Supervision of construction and maintenance work. All construction and maintenance work shall be performed under the direct and immediate supervision of the county engineer who shall be deemed responsible for the efficient, economical and good faith performance of said work."

Some other sections of the Code having reference to the powers and duties of county engineer are 4653, 4654, 4655, 4656, 4673, 4674, 4746, 4748, 4749, 4837. These sections in part require bills for work or for repairs designated by the engineer to be certified by him before allowance; provide that, if he certifies work which has not been properly done, he and his bond may be held liable for loss sustained; permit partial payments of contracts and payments of day labor to be authorized upon his certificate; and require him to file plans, specifications and estimates of the cost of bridges and culverts and upon completion detailed statements of cost and record bids. Other statutory provisions might be noted but we think those heretofore mentioned demonstrate that the statutes delegate certain sovereign powers to county engineers. See Hop v. Brink, 205

Iowa 74, 217 N. W. 551. Therefore, the occupant of this position was a public officer rather than an employee.

That at the time he received the injuries which caused his death, McKinley was performing duties classed as those of an "employee" would not make his death compensable under the statute. Kutil v. Floyd Valley Mfg. Co., 205 Iowa 967, 970, 218 N. W. 613, 615; Hamilton v. Farmer Canning Co., 220 Iowa 25, 261 N. W. 506; Maryland Casualty Co. v. Dutch Mill Service Co., 220 Iowa 646, 262 N. W. 776. His status as a public "official" excepted him from the benefits of the act irrespective of the character of the work he was doing at that time.

Wherefore, the ruling and judgment of the district court denying the claim for compensation is affirmed.—Affirmed.

RICHARDS, C. J., and BLISS, SAGER, HAMILTON, MITCHELL, HALE, and STIGER, JJ., concur.

MILLER, J., takes no part.