EVELYN M. WHITNEY, by SAMUEL L. WHITNEY, her next friend, Appellee, v. RURAL INDEPENDENT SCHOOL DISTRICT No. 4 et al., Appellants.

No. 45983.

62

Oliver J. Reeve, of Waverly, for appellants.

Sweet & Sager, of Waverly, for appellee.

MITCHELL, J.—The facts in this case have been stipulated. Evelyn M. Whitney, on or about the 14th day of November 1939, entered into a written contract with the board of directors of the Rural Independent School District No. 4 of Lafayette Township, Bremer County, Iowa, to teach the country school of that District for the winter and spring term at an agreed price of $60 per month. That on the 3d day of April 1940, at about 10:30 a. m., the same being during the forenoon recess of said school, one of the pupils attending the Rural Independent School District of Lafayette Township carelessly threw a hard piece of rubber across the schoolroom, the same being a part of the wheel of a toy tractor. That the wheel of the toy tractor which was thrown by the student struck the glasses worn by the said Evelyn M. Whitney, and also her left eye, injuring same.

That it was further agreed that the uncorrected vision (vision without glasses) of the left eye of Evelyn M. Whitney prior to the injury was 87 per cent, but that with the aid of glasses her vision in the left eye was increased to 97 per cent of normal. That it was agreed between the parties that if Dr. F. H. Reuling, of Waterloo, Iowa, were placed on the stand, he would testify that there was a linear horizontal scar five millimeters in length and one millimeter in width on the cornea, extending across the lower one quarter of the pupil area of the left eye, and that it was his opinion it was a permanent injury with a 40 per cent loss of vision in the left eye. That Dr. R. E. Robinson, if he were placed on the stand, would testify in regard to the scar and that she has a loss of vision amounting to 50 per cent of a normal-seeing eye. That the use of glasses will not improve her vision in the left eye. That there was no injury to the right eye and that she is entitled to no compensation for said right eye. That the Rural Independent School District No. 4 of Lafayette Township is a school corporation existing by virtue of the statutes of the state of Iowa, and that John Remley, August Ruth, and Louis Graeser are the duly elected, qualified, and now acting members of the board of directors of said district. That Evelyn M. Whitney is a minor, about 19 years of age, and this action is brought by Samuel L. Whitney, her father and next friend.

That the deputy industrial commissioner, sitting as a board of arbitration, held that the claimant was entitled to compensation in the sum of $486.25 and interest thereon, as provided by section 1391 of the 1939 Code of Iowa, in the sum of $26.79, making a total claim of $513.04. That the claimant was an employee of the school district and the relationship between Evelyn M. Whitney and the school district was contractual and that of employee and employer. That the claimant at the time of her said injury was not a person holding an official position or standing in a representative capacity of the employer, nor was she an official elected or appointed by the defendant school board and school district. That claimant sustained a permanent partial disability equal to a 46.8 per cent loss of

vision in her left eye and was entitled to weekly compensation benefits for a period of 46.8 weeks.

The industrial commissioner, on review affirmed the award and decision of the deputy industrial commissioner, sitting as a board of arbitration.

The case was then appealed to the district court of the state of Iowa in and for Bremer county, and that court affirmed the decision of the industrial commissioner. The Rural Independent School District No. 4 of Lafayette Township, being dissatisfied, has appealed to this court.

In a very able and elaborate brief the School District urges that the lower court erred in finding that claimant was not acting in an official position or standing in a representative capacity within the meaning of the law. Section 1362 of the 1939 Code of Iowa provides as follows:

"Compulsory when. Where the state, county, municipal corporation, school district, or city under any form of government is the employer, the provisions of this chapter for the payment of compensation and amount thereof for an injury sustained by an employee of such employer shall be exclusive, compulsory, and obligatory upon both employer and employee, except as otherwise provided in section 1361."

■ The only question which we are confronted with here is the status of Evelyn M. Whitney under the Compensation Act, and particularly under Code section 1421. The material parts of section 1421 of the 1939 Code of Iowa are as follows:

"Definitions. In this and chapters 71 and 72, unless the context otherwise requires, the following definitions of terms shall prevail:

"1. 'Employer' includes and applies to any person, firm, association, or corporation * * *.

"2. 'Workman' or 'employee' means a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, except as hereinafter specified.

"3. The following persons shall not be deemed 'workmen' or 'employees': * * *

"d. A person holding an official position, or standing in a representative capacity of the employer, or an official elected or appointed by the state, county, school district, municipal corporation, city under special charter or commission form of government."

Section 4125 of the 1939 Code of Iowa provides that the affairs of each school corporation shall be conducted by a board of directors. Section 4228 of the 1939 Code provides, among other things, that the board "shall elect all teachers and make all contracts necessary or proper for exercising the powers granted and performing the duties required by law."

Section 4229 of the 1939 Code provides as follows:

"Contracts with teachers. Contracts with teachers must be in writing, and shall state the length of time the school is to be taught, the compensation per week of five days, or month of four weeks, and that the same shall be invalid if the teacher is under contract with another board of directors in the state of Iowa to teach covering the same period of time, until such contract shall have been released, and such other matters as may be agreed upon, which may include employment for a term not exceeding the ensuing school year, except as otherwise authorized, and payment by the calendar or school month, signed by the president and teacher, and shall be filed with the secretary before the teacher enters upon performance of the contract but no such contract shall be entered into with any teacher for the ensuing year or any part thereof until after the organization of the board."

Section 4237 of the 1939 Code provides as follows:

"Discharge of teacher. The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

Section 4336 of the 1939 Code of Iowa provides as follows:

"Qualifications—compensation prohibited. No person shall be employed as a teacher in a common school which is to receive its distributive share of the school fund without having a certificate of qualification given by the county superintendent of the county in which the school is situated, or a certificate or diploma issued by some other officer duly authorized by law. * * * "

Section 4339 of the 1939 Code of Iowa provides as follows:

"Daily register. Each teacher shall keep a daily register which shall correctly exhibit the name or number of the school, the district and county in which it is located, the day of the week, month, year, and the name, age, and attendance of each scholar, and the branches taught; and when scholars reside in different districts separate registers shall be kept for each district, and a certified copy of the register shall, immediately at the close of the school, be filed by the teacher in the office of the secretary of the board."

Section 4340 of the 1939 Code of Iowa provides as follows:

"Reports. The teacher shall file with the county superintendent such reports and in such manner as he may require."

The question which we have to decide is whether or not Miss Whitney, who was elected by the school board of the Rural Independent School District No. 4 of Lafayette Township, as a school teacher to instruct the pupils of the district, is holding an official position or stands in a representative capacity of and for the School District within the meaning of the law, or whether or not the relationship of employer and employee exists. We shall first consider whether she stands in an official position or not. In the case of State v. Spaulding, 102 Iowa 639, 72 N. W. 288, there will be found a collection of definitions given by courts and text writers as to what in law constitutes a public officer. It covers several pages and we shall not repeat it here, but to those interested in this question call it to their attention. We quote from that opinion at page 647 of 102 Iowa, page 290 of 72 N. W.:

"From all the authorities, we think the following rules may properly be laid down for determining whether one is a public officer within the contemplation of our statute, relating to embezzlement of such officers (Code, 1873), section 3908. (1) The office itself must be created by the constitution of the state, or authorized by statute. (2) If authorized by statute, its creation may be by direct legislative act; or the law making power, when not inhibited by the constitution or public policy from so doing, may confer the power of creating an office upon official boards or commissions which are themselves created by the legislature, when such office is necessary to the due and proper exercise of the powers conferred upon them, and the rightful discharge of duties enjoined. (3) A position so created by the constitution, or by direct act of the legislature, or by a board of commissions duly authorized so to do, in a proper case, by the legislature, is a public office. (4) To constitute one a public officer, at least within the purview of the criminal law, so that he may be liable for the misappropriation of the public funds, his appointment must not only have been made or authorized as above stated, but his duties must either be prescribed by the constitution or the statutes of the state, or necessarily inhere in and pertain to the administration of the office itself. (5) In any event, the duties of the position must embrace the exercise of public powers or trusts; that is, there must be a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public. (6) The following, among other requirements, are usually, though not necessarily attached to a public office: (a) An oath of office; (b) salary or fees; (c) a fixed term of duration or continuance."

One of the cases greatly relied upon by the appellants is the recent opinion of this court of McKinley v. Clarke County, 228 Iowa 1185, 1187, 293 N. W. 449, 450. Speaking through Justice Oliver, we said:

"It is practically conceded the death of McKinley arose out of and in the course of the performance of services connected with his position as county engineer. The only question for

solution concerns his status under the compensation act, and particularly under Code section 1421. This section defines 'workman' or 'employee' and then sets out certain exceptions, in part as follows:

" '3. The following persons shall not be deemed "workmen" or "employees":

" 'd. * * * an official elected or appointed by the * * * county * * *.'

"If McKinley was an 'employee' of the county, his death was compensable, if he was an 'official', he was in a class excepted from the benefits of the Workmen's Compensation Act.

"I. The position of county engineer is statutory. Section 4644.17, Code of Iowa, 1939, provides:

" 'Engineer-term. The board of supervisors shall employ one or more registered civil engineers who shall be known as county engineers. The board shall fix their term of employment which shall not exceed three years, but the tenure of office may be terminated at any time by the board.'

"The powers and duties of such position are conferred by statute and are largely specifically defined. It is established without dispute that the board of supervisors employed McKinley in this position. The commissioner so found. However, the commissioner also found that a county engineer was not 'an official' within the purview of the Workmen's Compensation Act, and upon such finding awarded compensation to appellant.

"Appellant contends this finding was, in part at least, a conclusion of fact which being based upon sufficient evidence was binding upon the district court, and, therefore, that the court erred in setting the same aside and denying the claim for compensation. We do not agree that this was, or could properly have been, a finding of fact. It was predicated upon the commissioner's interpretation of the compensation act, and statutes relating to the employment, powers and duties of county engineers. Where statutes create a position and prescribe its duties and powers, the status of one occupying such position should be thereby determined. We hold the commissioner's finding

upon this proposition was a conclusion of law and was subject to review by the court. * * *

"The ultimate question for decision is whether or not a county engineer is an 'official'. We are unable to agree with appellant's contention that the services of decedent were performed under a contract with the board of supervisors. Neither he nor the board could alter the status of his position as county engineer in so far as his powers and duties were expressly or impliedly prescribed by statute.

"The use of the word 'employ' in the statute did not necessarily constitute the county engineer an employee. As bearing upon this it may be noted that the word 'employ' was used in section 4787, Code of 1927, concerning a position held in Hop v. Brink, 205 Iowa 74, 217 N. W. 551, to be a public office. Nor is the use of the word 'office' or 'officer' in certain statutes, which may refer to the position but do not purport to define it, controlling. The question is not primarily one of language but rather of statutory powers and duties.

"It may be here noted that Code section 4644.19 provides that county engineers shall work under the directions of the board and shall give bond for the faithful performance of their duties. McKinley was hired as county engineer, at a salary of $145 per month, furnished bond and took oath of office. The oath was not specifically required by the statute, but is required of public officers by section 5 of Article XI of the constitution of Iowa.

"State v. Spaulding, 102 Iowa 639, 72 N. W. 288, a leading authority, lays down rules for determining whether a person is a public officer. It concludes that a position created by direct act of the legislature, or by a board of commissions duly authorized so to do, in a proper case, by the legislature, is a public office; that to constitute one a public officer his duties must either be prescribed by the constitution or the statutes, or necessarily inhere in and pertain to the administration of the office itself; that the duties of the position must embrace the exercise of public powers or trusts; that is there must be a delegation to the individual of some of the sovereign functions of government, to be

exercised by him for the benefit of the public; and that among other requirements the following are usually, though not necessarily, attached to a public office: a. an oath of office; b. salary or fees;' c. a fixed term of duration or continuance.

"Code section 4644.21 provides as follows:

" 'Supervision of construction and maintenance work. All construction and maintenance work shall be performed under the direct and immediate supervision of the county engineer who shall be deemed responsible for the efficient, economical and good faith performance of said work.'

"Some other sections of the Code having reference to the powers and duties of county engineer are 4653, 4654, 4655, 4656, 4673, 4674, 4746, 4748, 4749, 4837. These sections in part require bills for work or for repairs designated by the engineer to be certified by him before allowance; provide that, if he certifies work which has not been properly done, he and his bond may be held liable for loss sustained; permit partial payments of contracts and payments of day labor to be authorized upon his certificate; and require him to file plans, specifications and estimates of the cost of bridges and culverts and upon completion detailed statements of cost and record bids. Other statutory provisions might be noted but we think those heretofore mentioned demonstrate that the statutes delegate certain sovereign powers to county engineers. See Hop v. Brink, 205 Iowa 74, 217 N. W. 551. Therefore, the occupant of this position was a public officer rather than an employee.

"That at the time he received the injuries which caused his death, McKinley was performing duties classed as those of an 'employee' would not make his death compensable under the statute. Kutil v. Floyd Valley Mfg. Co., 205 Iowa 967, 970, 218 N. W. 613, 615; Hamilton v. Farmer Canning Co., 220 Iowa 25, 261 N. W. 506; Maryland Casualty Co. v. Dutch Mill Service Co., 220 Iowa 646, 262 N. W. 776. His status as a public 'official' excepted him from the benefits of the act irrespective of the character of the work he was doing at that time.''

We cannot agree with the appellants that the McKinley case is controlling in the case at bar.

A county schoolteacher is employed under contract and her powers and duties are confined to that written instrument. None of the statutes impose upon her the exercise of discretion. The course of studies that she teaches is prescribed by the board. While, as pointed out in the McKinley case, many powers and duties are imposed upon a county engineer, under the statutes of the state, he is required to file plans and specifications and estimates of the cost of bridges and culverts and upon completion, detailed statements of costs. If he should certify work which has not been properly done, he and his bond may be held liable for the loss sustained. The statute delegates certain sovereign powers to the county engineer. He is required to use his judgment and discretion in many ways.

Counsel for appellants cites numerous cases in support of the claim that teaching school is a governmental function. However, section 1362 of the Workmen's Compensation law is sufficient in its terms to include a right to recover even though thus engaged, unless otherwise limited. The School District, acting within its statutory rights, entered into a contract of employment with Evelyn M. Whitney. She was not required to give bond or to take an oath. None of the statutes impose upon her the exercise of discretion in any way. They delegate no sovereign power to her. We come to the conclusion that she is an employee within the meaning of the Workmen's Compensation Act and entitled to its benefits.

It is next argued that she stands in a representative capacity. With this we cannot agree. Her duties are prescribed by the contract. The courses that she is to instruct the pupils in are prescribed by the board. She does not hold an executive position. Instructing pupils is no part of the duties imposed upon the school board. Their regular duty consisted in selecting a qualified person to fill the position and to see that the schoolteacher performed the duties prescribed within the contemplation of the contract relation.

The appellants call our attention to the cases of Hamilton

v. Farmer Canning Co., 220 Iowa 25, 261 N. W. 506, and Pattee v. Fullerton Lbr. Co., 220 Iowa 1181, 263 N. W. 839. In both of these cases claimant was the general manager, in a certain locality, of the branch of the respective corporation that he worked for. They were in sole charge of those branches, held executive positions and had discretion in regard to various matters. They are not controlling in the case at bar because the schoolteacher does not hold an executive position and her powers and duties are limited to the written contract.

It is next claimed that the industrial commissioner erred in the amount of compensation allowed. Appellants claim that under the undisputed record the claimant sustained only a 32 per cent loss of vision in her left eye as a result of said injury. This seems to be based upon the fact that the record shows that prior to the injury Evelyn M. Whitney had only an 87 per cent vision in the left eye and after the injury the uncorrected vision (vision of the left eye without glasses) was 55 per cent, making a loss of 32 per cent of vision due to the injury. With this we cannot agree. It is true the record shows that the uncorrected vision prior to the injury was 87 per cent, but the record shows that by the use of glasses the vision was corrected to 97 per cent and that after the injury glasses would not help or aid her left eye. Appellants contend that we have to do simply with a normal eye. This, it seems to us, would be very unfair to Evelyn M. Whitney, for with the aid of glasses she could correct, prior to the injury, the vision in her left eye to 97 per cent, while after the injury glasses would not aid her in any way. The injury which she suffered was the injury to her eye. It was the loss of vision from 97 per cent. Her injury is permanent. It will neither be better nor worse, the doctors testify. In addition to this, there is the evidence stipulated to of Dr. Robinson, showing a loss of 51.1 per cent vision in her left eye. Certainly there was sufficient evidence to sustain the verdict of the industrial commissioner as to the injury that this girl suffered. The purpose of the Workmen's Compensation Act was to reimburse the employee for the injury that that employee suffered.

Some other questions are argued, all of which have been given consideration. Finding no error, it necessarily follows that the judgment of the lower court must be, and it is, affirmed.—Affirmed.

BLISS, C. J., and HALE, MILLER, WENNERSTRUM, GARFIELD, STIGER, and OLIVER, JJ., concur.

SAGER, J., takes no part.