Catlett v. Jones

5-3870                                    398 S. W. 2d 229

Opinion delivered January 24, 1966

Bruce Bennett, Attorney General, By: Dick Adkisson, Chief Asst. Atty. Gen. and Fletcher Jackson, Asst. Atty. Gen.

William J. Smith and George Pike, Jr., for appellee.

George Rose Smith, Justice. The plaintiff-appellees are nine State Senators who were elected in 1964 to four-year terms of office. In January of 1965 the United States District Court for the Eastern District of Arkansas, pursuant to the decision in Baker v. Carr, 369 U. S. 186, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962), directed a reapportionment of both houses of the General Assembly. Yancey v. Faubus, 238 F. Supp. 290. The State Board of Apportionment duly filed a plan of reapportionment, which the federal court approved. In approving the plan the court directed that not later than the general election to be held in November of 1966 "members of both Houses of the 66th General Assembly of the State of Arkansas must be elected in conformity with the Board's plan."

Under the reapportionment plan the senatorial districts represented by the nine appellees were left unchanged. They accordingly brought this suit, naming ap-

propriate party and state officers as defendants, for a judgment declaring that they were entitled to serve the rest of their four-year terms without standing for re-election in 1966. The chancellor upheld their contention and entered a declaratory decree to that effect.

The trial court was right. The federal court, without passing upon the issue now before us, directed that the members of the legislature be elected "in conformity with the Board's plan" of reapportionment. As far as these nine appellees are concerned, that directive has already been complied with. They have been elected in conformity with the Board's plan. Their districts are fairly represented, in harmony with the Supreme Court's decision in *Baker* v. *Carr, supra.* The federal district court ordered new elections *to correct inequalities* in legislative representation. There can be no sound justification for corrective action when no inequality exists; there is nothing to correct.

Two recent federal cases have announced the same conclusion that we are reaching. In *Reynolds* v. *State Election Board*, 233 F. Supp. 323 (W. D. Okla. 1964), a plan of reapportionment was approved after members of the legislature had been nominated in a primary held in May. In ordering new elections the court made the same exception that we are making, saying: "It will, of course, be unnecessary to proclaim or conduct special elections for nominations to the legislative offices in those reapportioned districts which coincide with the nominations in the May primary." In *Toombs* v. *Fortson,* 241 F. Supp. 65 (N. D. Ga. 1965), upon facts substantially similar to those in the case at bar, the court held that legislators representing districts that were unchanged by the reapportionment plan were entitled to serve the remainder of their terms without standing for re-election in the special election that the court ordered.

We express no opinion upon the question whether, under Article 8, Section 6, of the State Constitution, as amended, the 26 other State Senators to be elected in

November of 1966 must draw lots for 17 terms of four years and 9 terms of two years. That issue does not directly concern these appellees and is not involved in this litigation.

Affirmed.