CLAUDE WILLIAMS ET AL v. RUSSELL ELROD ET AL

5-4620                                        426 S. W. 2d 797

Opinion delivered April 22, 1968

*Odell Pollard* and *Darrell Hickman,* for appellants.

*Rose, Meek, House, Barron, Nash & Williamson,* for appellees.

LYLE BROWN, Justice. The plaintiff-appellants are taxpayers, residents, and electors of twenty-five of the State's senatorial districts. The defendant-appellees constitute all State Senators. Plaintiffs below sought a writ of mandamus to require the thirty-five senators to draw lots to fix their terms of office at two or four years in accordance with Sec. 6 of Art. 23 of our Constitution. The case was submitted on the pleadings, requests for admissions and responses, stipulations, and motion for summary judgment. Plaintiffs' motion for summary judgment was denied and the complaint dismissed.

In *Block* v. *Allen,* 241 Ark. 970, 411 S. W. 2d 21 (1967) we explained the history of the senatorial apportionment provisions of our Constitution and the pertinent decisions of this court. That explanation need not here be detailed; reference is made for the benefit of interested parties. However, for clarity we should reiterate that Amendment 23 requires senatorial drawing by lot following reapportionment after each federal census. At the drawing eighteen senators would draw terms of two years and the remainder would draw terms of four years.

The taxpayers contend there is no conflict between the cited provisions of Amendments 23 and 45 (which fixes senatorial terms at four years); there being no conflict, they assert that since there was a reapportion-

ment as directed by *Yancey* v. *Faubus*, 238 F. Supp. 290 (E. D. Ark. 1965), there should be an immediate drawing by the twenty-six senators not affected by the decision in *Catlett* v. *Jones*, 240 Ark. 101, 398 S. W. 2d 229 (1966). The nine senators in *Catlett* were elected to four-year terms in 1964. Their districts were not altered by the court-ordered reapportionment resulting from *Yancey* v. *Faubus*. We therefore held they could serve the remainder of their terms. *Contra*, the senators assert that Amendment 45 gives them an unqualified right to serve four years, superseding the required lot-drawing provisions of Amendment 23. Alternatively, the senators contend that lot-drawing is not required as a consequence of a court-ordered apportionment, and specifically that any drawing is restricted to every ten years following the regular federal census.

First, we dispose of the contention that Sec. 6 of Amendment 45 nullifies the lot-drawing provisions of Amendment 23. The involved portion of Amendment 45 reads as follows:

"At the next general election for the State and County officers ensuing after any such apportionment, Representatives shall be elected in accordance therewith, Senators shall be elected henceforth according to the apportionment now existing, and their respective terms of office shall begin on January 1 next following. *Senators shall be elected for a term of four years* at the expiration of their present terms of office." (Emphasis supplied.)

Four-year terms for senators, reapportionment, and drawing by lots are thoroughly embedded in our law. Those principles are found in every Arkansas Constitution, four in all, since 1836. Having been harmonized for 131 years, it is not reasonable to believe that the electorate intended to sever those provisions merely by approving the customary four-year term for senators. Repeal by implication is not favored.

The contention that Amendment 45 eliminates drawing by lot would in effect defeat redistricting. That is true because without Amendment 23 there would never be a time when all senate terms expired simultaneously. In effect the senatorial districts would be frozen, a result which was declared unconstitutional in *Yancey* v. *Faubus.*

We encounter no difficulty in harmonizing the two provisions, that is, the four-year term in Amendment 45 and the lot-drawing provision in Amendment 23. We agree with the statement in the concurring opinion in *Block* v. *Allen,* that the decision in *Yancey* v. *Faubus* did not affect Sec. 6 of Amendment 23.

It is next contended by the taxpayer-appellants that Sec. 6 of Amendment 23 is applicable to the 1965 reapportionment made pursuant to the decision in *Yancey* v. *Faubus.* If that contention is correct, an immediate drawing would be required, rather than wait until the 1970 federal census.

The only administrative procedure in our constitution requiring members of the Senate to be "divided into two classes by lot" is Sec. 6 of Amendment 23, which provides:

". . . At the first regular session succeeding any apportionment so made, the Senate shall be divided into two classes by lot, eighteen of whom shall serve for a period of two years and the remaining seventeen for four years, after which all shall be elected for four years until the next reapportionment hereunder."

The apportionment referred to in Sec. 6 is defined in Sec. 4 as being the apportionment immediately following each federal census:

"The Board [of Apportionment] shall make the

first apportionment hereunder within ninety days from January 1, 1937; thereafter, on or before February 1 immediately following each Federal census, said Board shall reapportion the State for both Representatives and Senators . . .''

It must be conceded that those provisions amount to a restriction upon the length of the terms of office for which some of the senators are elected. However, that provision, being in the Constitution, is well known to all senatorial candidates and they cannot complain if they become affected by it. But we do not think an additional restriction should be placed on their tenure in the absence of constitutional sanction.

In *Butler* v. *Democratic State Committee,* 204 Ark. 14, 160 S. W. 2d 494 (1942), this court held that the election of an entirely new senate should be conducted after the federal census and then only when the Board of Apportionment altered the boundaries of any of the senatorial districts. In *Catlett* v. *Jones, supra,* we declined to shorten the elected terms of office of the involved nine senators. They were found to have been elected ''in accordance with the Board's plan'' of reapportionment after *Yancey* v. *Faubus, supra.* Our holding today is in conformity with those two cases; to hold to the contrary would actually be inconsistent with *Butler* and *Catlett.* Furthermore, the problem now before us was fully explored when *Block* v. *Allen, supra,* was under consideration. There, as here, we had the benefit of exhaustive briefing, and the *Block* case was orally argued. In *Block* v. *Allen* we concluded there was ''logic and apparent merit'' in the theory of appellees that an immediate drawing was not then required. Additional consideration of the question has served only to strengthen that conclusion. Quoting from the concurring opinion in that case, it is our holding that ''there is no occasion for a drawing until at least after the 1970 Federal census has been taken.''

We would also point out that appellants seek a man-

datory drawing for twenty-six senators, whereas the Constitution requires that thirty-five senators participate.

If any change is made by the Board of Apportionment (or by this court on appeal) in the boundaries of the senatorial districts as a result of the 1970 census, it will necessitate the election of an entirely new senate. The newly-elected senators would then draw for tenure as required by Sec. 6. *Butler* v. *Democratic State Committee, supra.*

We express no opinion upon the right of a group of taxpayers to here litigate an action against the Senate. That question was not raised, in fact all parties here seek a full determination of the case on its merits.

For the recited reasons we hold that the taxpayer-appellants' motion for summary judgment should have been denied and their complaint dismissed.

Affirmed.