The Honorable Charlie Cole Chaffin State Senator 12180 I-30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following two questions:
 1. Is the Arkansas Senate required by the Arkansas Constitution to be divided into two classes by lot following reapportionment?
 2. Is the requirement of Article 8, Section 6 of the Arkansas Constitution that the Senate be divided into two classes by lot met if the senators draw by lot numbers 1 through 35 and select a two or four year term in the order that they randomly drew the lottery numbers?
You state that the fact that the electorate of Arkansas has voted for term limits and the fact that the case is pending before the Arkansas Supreme Court do not affect the question of staggering terms following reapportionment.
It is my opinion that a conclusive answer cannot be given to your first question because an issue has in fact arisen in the pending litigation as to whether the adoption of the "Arkansas Term Limitation Amendment" affects the question you have posed. Barring any effect of the Term Limitation Amendment on the issue, however, the answer to your first question is "yes."
Ordinarily, after any reapportionment which occurs as a result of population changes reflected by the federal decennial census, the Arkansas Senate is to divide itself into two classes by lot at the first regular session following the reapportionment, "eighteen of whom shall serve a period of two years and the remaining seventeen for four years, after which all shall be elected for four years until the next reapportionment. . . ." This result is compelled by Amendment 23 to the Arkansas Constitution, which is codified, in pertinent part, at Arkansas Constitution, art. 8, § 6n.[1] See also Williams v.Elrod, 244 Ark. 671, 426 S.W.2d 797 (1968); Bailey v.Abington, 201 Ark. 1072, 148 S.W.2d 176 (1941), and generally,Block v. Allen, 241 Ark. 970, 411 S.W.2d 21 (1967).
It should be noted, however, that an issue has arisen with regard to this requirement in the litigation surrounding the "Arkansas Term Limitation Amendment" approved by the electorate at the 1992 general election. This amendment provides, with regard to the Arkansas Senate, that: "The Arkansas Senate shall consist of members to be chosen every four years by the qualified electors of the several districts. No member of the Arkansas Senate may serve more than two such four year terms." This language does not appear to contemplate the two year terms which are served by some senators following reapportionment. This fact prompted the "Unified Members" of the General Assembly to cross complain inHill et. al. v. Tucker et al., (Pulaski County Circuit, No. 92-6171, appeal pending), for a declaration as to whether the "two-year terms which have been or are to be drawn by lot for Senators [are] repealed by passage of the [Term Limitation] Amendment." See "Answer and Cross Claim of Unified Members To Amended Complaint" at 6. This issue was not ruled upon by the Circuit Judge, but because the appeal has not been completed, may ultimately be decided by the judicial branch.
As you are aware, it is the longstanding policy of this office to decline to issue opinions on questions which are the subject of pending litigation. I cannot, therefore, offer a conclusive response with regard to this issue. But for this issue surrounding the Term Limitation Amendment, however, there is no question that the Arkansas Senate should draw terms by lot following reapportionment. The answer to your first question is therefore "yes," barring any effect of the "Term Limitation Amendment" on the Amendment 23 requirement of drawing terms by lot. Cf. generally, n. 1, supra.
It is my opinion that the answer to your second question is "no." In 1992, an opinion was issued by this office in an analogous situation. See Op. Att'y Gen. No. 92-133 (copy enclosed.) In that opinion, initial community college board members of a newly formed community college were to "draw" for terms. The question posed was whether two members who drew their terms could exchange the terms so drawn. This office opined that they could not, based upon the ordinary and usual meaning of the term "draw," defined as a "lot of chance drawn at random." The opinion also cites case law from other jurisdictions which holds that the word "lot" signifies the element of chance, without action of a person's choice or will.
In my opinion, the same analysis is applicable to the drawing of terms by "lot" by the Arkansas Senate following reapportionment. In addition, the Arkansas Supreme Court, in describing the Amendment 23 procedure, has noted that "[a]t the drawing eighteen senators would draw terms of two years and the remainder would draw terms of four years." Williams v. Elrod, supra, at 672. In my opinion, drawing a chance to select a term is not the same as drawing a term under this language. It is therefore my opinion that the answer to your second question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] The relevant language of Amendment 23 is actually codified in the Publisher's Notes to art. 8, § 6. This is so because Amendment 45 to the Arkansas Constitution amended the language of Amendment 23 on this point and referred only to Senators being elected to four year terms. The Arkansas Supreme Court ruled inWilliams v. Elrod, infra, however, that the lot drawing provisions of Amendment 23 were not in conflict with this language of Amendment 45 and were therefore still operative and valid. The explanation of this decision and the original language of Amendment 23 are therefore contained in the Publisher's Notes to art. 8, § 6.