William D. MOORE, Jr. *v.* W.J. "Bill" McCUEN, Secretary of State, et al.

94-434 876 S.W.2d 237

Supreme Court of Arkansas
Opinion delivered May 13, 1994

*Robert D. Smith III* and *Tom Tanner*, for appellant.

*Shults, Ray & Kurrus*, by: *Steve Shults* and *Robert Shults*, for appellees.

ERNIE E. WRIGHT, Special Justice. Appellant, William D. Moore, Jr., appeals from the judgment of the trial court denying his complaint for a writ of mandamus to prevent the election in 1994 of anyone to the seat he now holds as state senator for Arkansas Senate District No. 2.

Appellant was elected in November 1992 to a four-year term and assumed office in January 1993. In compliance with Article 8, Section 6, of the Arkansas Constitution as amended by Amendment 23, the thirty-five members of the senate, all of whom were elected in November 1992, drew lots to determine the eighteen senators whose terms would be reduced to two years as required by the constitutional provisions mentioned above. The drawing of lots to assure staggered terms occurs after the first election following each decennial federal census. Appellant was one of the eighteen senators who drew a two-year term.

In his complaint for a writ of mandamus, stay, and declaratory judgment, appellant alleges that Amendment 73 to the Arkansas Constitution, adopted by vote of the people in November 1992, repeals the provisions of Article 8 and Amendment 23, which provide for reduction in terms for eighteen state senators after reapportionment of districts. He also alleges that limiting the terms of some senators is a denial of equal protection for electors of those districts in which their senators' four-year terms are shortened.

All defendants answered, denying plaintiff has grounds for relief.

Joseph K. Mahoney, II, a candidate for appellant's seat in the senate, intervened and filed an answer denying plaintiff has grounds for relief. He also filed a counterclaim for a declaratory judgment that plaintiff's senate term ends in January 1995.

Charlie Cole Chaffin, who was elected in 1992 to a four-

year term in the senate, intervened, and filed a complaint for a declaratory judgment that the two-year term she drew is valid. She is a candidate for the Democratic nomination to the office of Lieutenant Governor, and would be ineligible under the provisions of Article 5, Section 10, of the Arkansas Constitution to seek the office if her current term is deemed to be a four-year term.

For his first point on appeal, appellant argues that the circuit court erred in finding Amendment 73 did not repeal the two-year term provision of Article 8 of the Arkansas Constitution as amended by Amendment 23.

■ We disagree. The relevant language of Amendment 73, § 2, is as follows:

The Arkansas Senate shall consist of members to be chosen every four years by the qualified electors of the several districts. No member of the Arkansas Senate may serve more than two such four year terms.

Appellant argues that Amendment 73 should be construed to mean that no senator may serve more than eight years and that the provision for two-year terms provided for after decennial elections and reapportionment is repealed by implication.

■ We note that Amendment 73 does not mention a cap on the total number of years a senator may serve but only states explicitly that a senator may not "serve more than two such four-year terms." Amendment 73 does not touch on the subject of staggered terms for senators and the assignment of two-year terms by lot for eighteen senators after reapportionment as required by Article 8 as amended. In *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), in addressing an issue of repeal by implication, we said:

A basic and fundamental rule applicable in consideration of the effect of both *statutes* and *constitutional* amendments is that repeal by implication is not looked upon with favor and is never allowed by the courts except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together.

255 Ark. at 341-342, 500 S.W.2d at 364-365.

This court dealt with a similar argument in *Williams* v. *Elrod*, 244 Ark. 671, 426 S.W.2d 797 (1968). There it was argued that Amendment 45, providing for four-year terms for senators, repealed the lot-drawing provision found in Article 8 as amended by Amendment 23. In rejecting the argument, this court said:

> Four-year terms for senators, reapportionment, and drawing by lots are thoroughly embedded in our law. Those principles are found in every Arkansas Constitution, four in all, since 1836. Having harmonized for 131 years, it is not reasonable to believe that the electorate intended to sever those provisions merely by approving the customary four-year term for senators. Repeal by implication is not favored.

244 Ark. at 673, 426 S.W.2d at 798. The holding in *Williams, supra,* is controlling in the case before us. The constitutional provisions are reconcilable.

For his second point, appellant argues that the trial court's ruling creating uneven term limitations violates equal protection of the law guaranteed by the United States and Arkansas Constitutions and the principle of "One Man-One Vote."

Appellant contends that the limitation of terms mandated by Amendment 73 makes the previous method of shortened terms unworkable because some senators would have the option to serve longer than other senators, and some senators' constituents would be denied equal opportunity for experienced representation.

 Such disadvantages, if any, to voters of a senate district in being deprived of the opportunity to prolong the incumbency of their senator under Amendment 73 will be temporary and incidental to the state's interest in preserving the staggered-term provisions of Article 8 as amended. In *Donatelli* v. *Mitchell*, 2 F.3d 508 (3rd Cir. 1993), the Court of Appeals held that a law "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." 2 F.2d at 515, citing *FCC* v. *Beach Communications, Inc.,* ___ U.S. ___, 113 S.Ct. 2096, 2101 (1993). We hold that the state has a rational basis for preserving the staggered-term provisions which have been a part of our constitutions for more than 150 years. There is nothing in

the record to suggest there was any intention on the part of the drafters of Amendment 73 or of the voters in adopting it to discriminate against either the candidates or the electorate of any district. The fact that the amendment, when construed in connection with Article 8 as amended, will bring about modest and temporary differences in the total time a senator in a particular district may serve compared to senators of some other districts is simply incidental to the combination of constitutional provisions. In *Donatelli, supra,* the court said:

> Numerous courts have concluded that temporary disenfranchisement resulting from the combined effect of reapportionment and a staggered term election system meets the rational-basis test and therefore does not violate the Equal Protection Clause.

2 F.3d at 515.

We point out that, if the two-year lot-drawn terms under Article 8 as amended were held repealed, it might pose a problem in the year 2000 when the federal census is taken. Normally, a reapportionment of senate districts should occur following the census, and the terms of seventeen senators elected in 2000 would be shortened to two years. All senators will be elected the year 2002, and there would probably be a drawing in 2003. At that time, eighteen senators would draw two-year terms. If the constitutional two-year term provision were held repealed, there would be no election from the reapportioned districts until 2004. The federal constitution requires reapportionment followed by elections from the new districts. *Reynolds* v. *Sims,* 377 U. S. 533 (1964). The state could well be confronted with a constitutional issue as to the timeliness of election if it were delayed until 2004.

For his third and final point, appellant argues that the circuit court erred by failing to follow the ruling in *U. S. Terms Limits, Inc.* v. *Hill,* 316 Ark. 251, 872 S.W.2d 349 (1994).

■■ We reject appellant's argument. After stating that only periods of service beginning on or after January 1, 1993, would be counted in determining ineligibility for elected state officers, the decision in *U. S. Term Limits, supra,* declares that "senators would not be ineligible for another eight years. . . ." 316 Ark. at 272, 872 S.W.2d at 360. Appellant would have us construe that

to mean that all senators would be ineligible after eight years of service, and the decision is not to be so construed. The plain meaning of the statement is that no senator would be ineligible for reelection until he or she has served for eight years after January 1, 1993. This does not preclude the possibility of a senator serving a two-year term as a result of reapportionment of districts plus two four-year terms after January 1, 1993. Amendment 73 is specific that it is service of two four-year terms that disqualifies a senator from reelection.

■ While we disagree with the statement in the judgment of the trial court that Amendment 73 does not preclude a senator from serving two four-year terms followed by a two-year term at the end of a census cycle, the statement is *obiter dictum* and does not affect the correctness of the order denying the relief sought by plaintiff and granting the relief sought by the intervenor, Joseph K. Mahoney, II.

A mandate will issue in this case on May 23, 1994. Any petition for rehearing shall be filed no later than May 18, 1994. Any response shall be filed no later than May 19, 1994.

Affirmed.

GLAZE, J., not participating.

CORBIN, J., concurs.