The Honorable Jim Lendall State Representative 10625 Legion Hut Road Mabelvale, AR 72103
Dear Representative Lendall:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment, as follows:
 POPULAR NAME TERM LIMITS FOR MEMBERS OF THE GENERAL ASSEMBLY BALLOT TITLE
ESTABLISH TERM LIMITS FOR MEMBERS OF THE ARKANSAS GENERAL ASSEMBLY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having applied the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 POPULAR NAME CHANGES IN TERM LIMITS FOR MEMBERS OF THE GENERAL ASSEMBLY BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION, CHANGING AMENDMENT 73 TO INCREASE THE NUMBER OF TERMS THAT MAY BE SERVED BY MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES FROM THREE TWO-YEAR TERMS TO SIX TWO-YEAR TERMS; CHANGING AMENDMENT 73 TO INCREASE THE NUMBER OF FOUR-YEAR TERMS THAT MAY BE SERVED BY MEMBERS OF THE ARKANSAS SENATE FROM TWO FOUR-YEAR TERMS TO THREE FOUR-YEAR TERMS; PROVIDING THAT IN ADDITION TO THE THREE FOUR-YEAR TERMS, NO MEMBER OF THE SENATE MAY SERVE MORE THAN TWO TWO-YEAR TERMS RESULTING FROM REAPPORTIONMENT; PROVIDING, CONSISTENT WITH EXISTING LAW, THAT TERMS SERVED IN THE HOUSE OR SENATE PRIOR TO JANUARY 1, 1993 SHALL NOT BE COUNTED IN CALCULATING THE NUMBER OF YEARS SERVED; AND PROVIDING FOR AN EFFECTIVE DATE OF JANUARY 1, 2003.
I must note one matter of which you should be cognizant: the issue of the relation between term limits and the two-year terms resulting from reapportionment under Article 8, § 6 (as amended by Amendment 23). This issue arose in the context of term limits under Amendment 73 in Moore v.McCuen, 317 Ark. 105, 876 S.W.2d 237 (1994). The court there held that Amendment 73, creating term limits, did not address the two-year terms resulting from reapportionment. Thus, the court held, a senator would not be precluded from serving a two-year term as a result of reapportionment, plus two four-year terms after January 1, 1993. The court went on to note in dicta, however, that it disagreed with dicta in the lower court's judgment to the effect that Amendment 73 would not preclude a senator from serving two four-year terms followed by a two-year term at the end of a census cycle.
Although I interpret the language of your proposed amendment to address this issue by permitting (if such a scenario should occur) the scenario that was questioned by the Moore court (i.e., the maximum number of four-year terms followed by additional two-year terms resulting from reapportionment), you would be well-advised to consider whether this issue might give rise to a challenge to your proposal or its title.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh