The Honorable Mike Beebe State Senator 211 W. Arch Avenue Searcy, AR 72143-5331
Dear Senator Beebe:
I am writing in response to your request for my opinion on the following questions:
 1. Can a municipal office holder continue to hold that office until his term expires if he is elected to a Legislative Seat in a Special Election?
 2. If a person is elected to the Legislature, in a Special Election to fill an unexpired term, can he still serve 6 more years in the House of Representative or 8 more years in the Senate?
RESPONSE
In my opinion, the answer to your first question will depend on the nature of the municipal office at issue. If the municipal position qualifies as a "lucrative office . . . under this State," the dual service would be prohibited pursuant to Ark. Const. art. 5, § 7. Although it seems unlikely, the dual service might further be precluded pursuant to a statute pertaining to the particular municipal office or pursuant to the common-law doctrine of incompatibility. Without knowing the specific office referenced in your request, I cannot opine more definitively on this question. Given the provisions of Ark. Const. amend. 73, I believe the answer to your second question is in all likelihood "yes."
Question 1: Can a municipal office holder continue to hold that officeuntil his term expires if he is elected to a Legislative Seat in aSpecial Election?
At issue is whether the dual service you describe might be prohibited under a constitutional, a statutory or a common-law proscription (viz., the common-law "doctrine of incompatibility"). See Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966); Ark. Op. Att'y Gen. No. 2001-042. With respect to the constitutional inquiry, Ark. Const. art. 5, § 7 provides in pertinent part:
 No . . . person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmaster, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
On its face, this constitutional provision bars an individual from running for the legislature if he holds another position that is (1) "lucrative"; (2) an "office under . . . this State"); and (3) that does not fall within the listed exceptions.
The courts have not yet found occasion to define the term" lucrative" as used in this provision. However, Random House Webster's UnabridgedDictionary (2d ed. 1999) assigns the term its standard meaning of "profitable; moneymaking; remunerative." In my opinion, then, assuming the municipal officer met the second and third prongs of this test and realized any financial profit from his position, he could not continue in the municipal office and simultaneously serve in the legislature.
With respect to the second prong of this test, in Wood v. Miller,154 Ark. 318, 322-23, 242 S.W. 573 (1922), the court defined the terms "office" and "under this State" as follows:
 "A civil office is a grant and possession of the sovereign power." [Citations omitted.] . . . "Any officer who holds his appointment under the government . . . is a civil officer." [Citations omitted.] The words "under this State" as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority.
(Citing State v. Spaulding, 102 Iowa 639, 72 N.W. 288 (1897), Mechem onPublic Officers, 24.) As posed, your question does not specify what particular" municipal officer" is contemplating seeking legislative office. However, as a general proposition, I believe a "municipal officer" would qualify as holding an "office . . . under this State."See, e.g., Collins v. McLendon, 177 Ark. 44, 5 S.W.2d 734 (1928) (holding that a legislator elected mayor would be subject to challenge under Ark. Const. art. 5, § 10, which bars a serving legislator from being "elected to any civil office under this State").
Because you have not indicated the particular office at issue, I cannot opine whether any of the exceptions recited in Ark. Const. art. 5, § 7
applies. However, the foregoing sets forth the test to determine whether the constitution would preclude the subject of your specific request from serving out the remainder of his term while simultaneously serving as a legislator.
With respect to any possible statutory proscription against the proposed dual service, I am unaware of any legislative act generally precluding a municipal officer from serving out his term following election to the General Assembly. However, I could address this possibility more specifically if I knew what municipal office the subject of your request occupies.
My lack of information regarding the municipal office at issue further makes it impossible for me to opine regarding whether the doctrine of incompatibility might preclude the dual service. As a general proposition, it is impermissible for any person to hold two offices that are "incompatible" — i.e., if "there is a conflict of interests," as "where one office is subordinate to the other," Byrd, supra at 745, where "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v.Townsend, 72 Ark. 180 (1904), or where "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other," Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239
(1998). Although it is unlikely that a municipal office could be considered "incompatible" with legislative service under this standard, ultimately concluding as much would turn on assessing the nature of the particular office at issue.
Finally, I should note that I have based my opinion on your representation that the municipal officer intends to continue to serve only "until his term expires." As I recently noted in the attached Ark. Op. Att'y Gen. No. 2002-039, although a qualifying officer might serve out his term while simultaneously serving in the legislature, he would be precluded from being reappointed or reelected to his municipal office pursuant to Ark. art. 5, § 10, which provides: "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State."
Question 2: If a person is elected to the Legislature, in a SpecialElection to fill an unexpired term, can he still serve 6 more years inthe House of Representatives or 8 more years in the Senate?
This question implicates Ark. Const. amend. 73, which prohibits a senator from serving more than two four-year terms and a representative from serving more than three two-year terms in the legislature. In Moore v.McCuen, 317 Ark. 105, 876 S.W.2d 237 (1994), the Arkansas Supreme Court addressed whether Amendment 73 precluded a senator from serving two four-year terms after having served a two-year term in the wake of decennial elections and reapportionment pursuant to Ark. Const. art. 8. In answering this question in the negative, the court remarked:
 We note that Amendment 73 does not mention a cap on the total number of years a senator may serve but only states explicitly that a senator may not "serve more than two such four-year terms." Amendment 73 does not touch on the subject of staggered terms for senators and the assignment of two-year terms by lot for eighteen senators after reapportionment as required by Article 8 as amended.
* * *
 This does not preclude the possibility of a senator serving a two-year term as a result of reapportionment of districts plus two four-year terms after January 1, 1993.
317 Ark. at 108, 111.[1]
In the attached Ark. Op. Att'y Gen. No. 2000-071, I responded as follows to a requestor's suggestion that a legislator elected to finish a partial term need not count that service as one of the terms authorized by Amendment 73:
 When you state preliminarily that it is your understanding that legislators elected to finish partial terms do not have to count the initial partial term against their limit, I assume that this is an unchallenged practice thought to be consistent with the Moore decision concerning two-year terms of state senators. I have found no more relevant precedent on the point.
As I intimated in my previous opinion, in light of Moore, I believe the Arkansas Supreme Court would in all likelihood conclude that an initial partial term should not be included in the term-limit calculation set forth in Amendment 73.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures
[1] The court noted, however, that it did not believe Amendment 73 supported a senator's serving an abbreviated two-year term after having served two four-year terms. Id. at 111.